## PEARSON *et al. vs.* DENHAM *et al.*

Where, in 1882, a deed was made to a man as trustee for his wife, the title vested directly in her; and where a suit was thereafter brought against the trustee named, without making her a party, a judgment against him did not bind her; and where, after its rendition, she died, leaving her husband and two minor children as her heirs, the children were not bound by such judgment. The *fi. fa.* issued on the judgment having been levied on the land, there was no error in granting an injunction as to the interest of the children therein. and in refusing it as to the interest of the husband.

April 19, 1887.

Husband and Wife. Title. Trusts and Trustees. Betterments. Levy and Sale. Injunction. Before Judge JENKINS. Putnam County. At Chambers, March 5, 1887.

In addition to the report contained in the decision, it is necessary to add only that the bill alleges that Mrs. Pearson was, at the date when the deed was made to her husband, as her trustee, of sound mind and laboring under no disabilities, and that the trust created for her was executed and the title at once passed to her.

Jos. S. TURNER; W. B. WINGFIELD, for plaintiffs in error.

H. T. LEWIS; J. D. SPARKS, for defendants.

v 78 35

BLANDFORD, Justice.

It appears that in 1872, Samuel Pearson, of the county of Putnam, conveyed to W. T. Pearson, as trustee for his wife, a certain tract of land in that county, and the deed of conveyance was to the effect that Pearson was to hold as her trustee, and it was to be hers, her heirs and assigns forever in fee simple. After this, Pearson procured from Denham certain goods and supplies, and gave certain promissory notes for the purchase money of the same, it being stated in the notes that they were given for what was due for supplies furnished to him as trustee for his wife and children to make the crop. Suit was brought on these notes against Pearson as trustee, and the process was directed to him as trustee; it does not appear to have been served upon the wife and children.

The declaration alleged that Pearson had this trust estate in his hands, and described the land. Judgment was obtained; and the judgment was that Denham should recover from Pearson the amount of the notes, to be levied on the land in his hands as trustee. After this judgment was rendered, Mrs. Pearson died, leaving two children and her husband, W. T. Pearson, as her heirs at law. A writ of execution issued upon the judgment against Pearson as trustee and was levied on this land. The bill in this case was thereupon filed by Pearson, as trustee for himself and his two minor children, to enjoin this execution from selling the land, alleging the facts substantially as I have stated them. The chancellor granted the injunction as to the interest of the two children, but as to Pearson he refused it. Pearson excepted, and this is the error alleged here.

We think the chancellor did right. The children are not bound by that judgment; Mrs. Pearson was not bound by it; a deed to Pearson as trustee for her was a deed to her; it was absolute as to her; and when she died, her estate devolved on her husband and her two children. We

think, as to Pearson himself, he has no right, under the allegations of the bill, to have this injunction ; that he must be left to the law to have his rights determined by such other proceedings as he thinks necessary. So we affirm the judgment of the court below in granting the injunction as to the children and in refusing it as to Pearson.

Judgment affirmed.