## SOUTHERN RAILWAY COMPANY *v.* WELLS.

1. An allegation in the plaintiff's petition, in an action for damages, that certain live stock were killed in a named county and district, is amendable by striking out the words "and district."
2. A county court established under section 4170 et seq. of the Civil Code has jurisdiction of an action of tort against a railway company whose line of road runs through the militia district of the county in which the coun-

ty-site is located, although the tort complained of may have been committed·in another district of that county, and although the amount of damages claimed is less than fifty dollars.

3. A mere failure to prove the time when such tort was committed will not be cause for setting aside, on certiorari, a judgment in the plaintiff's favor, on the general ground that the same is contrary to the evidence, there being no plea of the statute of limitations, and it not appearing that this defense was in any manner made or insisted upon in the trial court.

Argued October 25, — Decided December 21, 1897.

Action for damages — certiorari.    Before Judge Sweat.    Appling superior court.    February 16, 1897.

*DeLacy & Bishop*, for plaintiff in error.
*E. P. Padgett*, contra.

LUMPKIN, P. J.    An action was brought by Wells against the Southern Railway Company, in the county court of Appling county, for damages alleged to have been occasioned by the negligent killing of three sheep and one ox by the running of the defendant's trains.    As originally filed, the plaintiff's petition alleged that all these animals were killed in the 457th militia district of that county, it being the district in which the court-house of the county is located.    It appeared at the trial, that the defendant's line of railroad runs through Appling county, and that a portion of it is located in the above-mentioned militia district.    It also appeared that the sheep were killed in that district, but that the ox was killed in another militia district of the same county.    The court, after the testimony had been closed, allowed the plaintiff, over the objection of defendant's counsel, to amend his petition by striking out the words "and district."    The effect of this amendment was to make the petition allege generally that the stock were all killed in Appling county, without specifying any district as the place of the killing.    The defendant introduced no evidence; the court rendered a judgment in favor of the plaintiff for the value of the stock killed, and the company sought by certiorari to set this judgment aside.    The petition for certiorari assigns error upon the allowance of the above-mentioned amendment, and also complains that the verdict was contrary to law and the evidence.

1. There was no error in allowing the amendment. As will be presently seen, it made no practical difference in what militia district of the county the stock were killed.

2. It was insisted here that the verdict was contrary to law, because the county court of Appling county, it having been established under the provisions of section 4170 et seq. of the Civil Code, had no jurisdiction to render a judgment in the plaintiff's favor for the value of the ox, because it affirmatively appeared that this animal was not killed in the militia district wherein the county court-house was located. In support of this contention, section 4193 of the Civil Code was invoked. We do not think, however, the point was well taken. This court, in the case of the *Southern Railway Co.* v. *Johnson*, 96 *Ga.* 656, in effect held that, for the purpose of being sued for a tort committed in a given county, a railway company might be treated as a resident of each militia district thereof through which its road ran, and that it was not essential to the jurisdiction of the justice's court of a particular district for the tort complained of to have been committed in that district. In the case of *Aycock* v. *Subers*, 73 *Ga.* 807, in construing section 282 of the Code of 1882 (which is section 4193 of the present code), it was held that a county court had no jurisdiction of a civil case involving less than fifty dollars, where the defendant resided in a militia district other than that in which the court-house of the county was located. This case is useful here, because it shows that the restriction placed upon the jurisdiction of county courts by the section cited turns upon the question of the defendant's residence, and not upon the question as to where the cause of action arose. If, in the case last mentioned, the defendant had been a resident of the county-town district, it can hardly be doubted that the point as to jurisdiction would have been ruled the other way. In the case now before us, we have an action against a railway company which did reside in the county-town district, and therefore the county court had jurisdiction, although the amount claimed was less than fifty dollars, it appearing, as already seen, that the tort was committed in the county in which the suit was brought.

3. The evidence warranted a finding for the plaintiff. He

proved his ownership of the stock, and their value; and sufficiently established the fact that they were killed by the running of the defendant's trains. As the law raised against it the presumption of negligence, and this presumption was not rebutted, the plaintiff's case was made out, unless there is merit in the sole remaining contention of the plaintiff in error, which we will now briefly notice. The evidence did not show at what time the stock were killed, and it was accordingly argued here that, before being entitled to a recovery, it was incumbent upon the plaintiff to prove affirmatively the dates upon which the animals were respectively killed. There was no plea of the statute of limitations, and it does not appear that this defense was in any manner made or insisted upon in the trial court. The plaintiff, in its petition for certiorari, does not specifically allege that the judgment was unwarranted because of the plaintiff's failure to show when the torts to his property were committed. The only way in which this could become material would be with reference to the statute of limitations. The company's contention here really is that the plaintiff did not show that his cause of action was not barred by the statute. As this is a defense which ought to be specially pleaded, we do not think advantage can be taken of it in this manner upon a mere general assignment that the verdict complained of was contrary to the evidence. It is more fair and reasonable to presume that, as this defense was not specifically set up at the trial, the defendant was not seeking exemption from liability on the ground that the plaintiff's action was brought too late. In this connection see *Small* v. *Cohen,* 102 *Ga.* 248.

*Judgment affirmed. All the Justices concurring.*