## SMITH *v.* BURRUS.

1. A court of equity, on the principle quia timet, has jurisdiction to cause to be delivered up and canceled any forged deed, though not enforced at the time, which either casts a cloud on the true owner's title or otherwise subjects him to future liability or present annoyance and the cancellation of which is necessary to his perfect protection.
2. An owner of land in possession of it, who resorts to a court of equity to cancel a forged deed as a cloud on his title, is not chargeable with laches, though as much as ten or eleven years may have intervened since his discovery of the forged deed.
3. In a petition to cancel a forged deed as a cloud on his title, the plaintiff is not required to allege the perpetrator of the forgery.

NOVEMBER 14, 1912.

Equitable petition. Before Judge Hammond. Richmond superior court. March 13, 1911.

*William K. Miller* and *J. S. Watkins,* for plaintiff.

*Henry C. Roney,* for defendant.

EVANS, P. J. In his petition Henry Smith alleged as follows: He is in possession, and has been since February 25, 1870, of the property thereinafter described, in his own right, and is the absolute owner thereof. He is a negro man eighty years of age, illiterate, and in reference to legal matters absolutely dependent upon what he is told by others. On about June 15, 1890, he married one Polly Stewart, whom he took to live with him on the described premises. She died about August, 1900. After her death G. S. Burrus informed him that his wife had left a will, nominat-

ing Burrus as executor, and devising a life-estate to the plaintiff in his own property, with remainder over to others. Upon receiving this information he made further investigation, and discovered upon the records of the county a paper purporting to be an absolute deed of gift of the property referred to, from himself to his wife, dated May 1, 1894. He never signed any such deed, and the paper which appears of record is a forgery and a fraud perpetrated in a most unconscionable manner upon him. He charges that some one impersonated him before the witnesses to the deed. Burrus as executor of Polly Smith is claiming the property; and the plaintiff is prevented from using it, on account of the claim of the executor to own and distribute it to the persons mentioned in the will. The plaintiff has been in continuous possession of the property, keeping it in order under the belief that he was the owner thereof; he has paid the taxes on the same, and all municipal charges have been taxed against him personally; at no time has he ever authorized, by act or word, any such document to be made to Polly Smith, and the same is a cloud upon his title in the interest of the executor of his deceased wife, who is made defendant. He prays for cancellation of the alleged forged deed, as a cloud upon his title. To this petition the defendant demurred generally that no cause of action was set out, and specially that there was no allegation as to the time, after the death of his wife, when the plaintiff had actual notice of the deed, and that it did not appear from the petition who perpetrated the fraud in the signing of the deed. The court sustained the demurrer. Before the judgment was entered, the plaintiff proffered an amendment to the effect that the alleged deed from himself to his wife was a forgery and a fraud perpetrated by his wife, who procured some one to impersonate him before the witnesses to the deed. The court rejected the amendment. The plaintiff excepted to this ruling and to the judgment sustaining the demurrer.

1. The jurisdiction of courts of equity to remove clouds upon title, upon the principle quia timet, is well settled. Our statute declares (Civil Code, § 5465): "The proceeding quia timet is sustained in equity for the purpose of causing to be delivered up and canceled any instrument which has answered the object of its creation, or any forged or other iniquitous deed or other writing, which, though not enforced at the time, either casts a cloud over complain-

ant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection." The petition presents a case of an owner of land, who is in possession of it, asking for the cancellation of a forged deed which prevents him from disposing of his property. Under these allegations he is entitled to have the forged deed canceled as a cloud upon his title, unless he is barred by his own laches in seeking relief. *Thompson* v. *Etowah Iron Company,* 91 *Ga.* 538 (17 S. E. 663).

2. Is he barred? "A party in possession of land who resorts to a court of equity to settle a question of title is not chargeable with laches, no matter how long his delay." 5 Pomeroy's Eq. Jur. § 33. A plaintiff out of possession must move seasonably to protect his title against an alleged cloud; but if he is in possession, he may lie by until his possession is invaded or his title attacked before taking steps to vindicate his right. *Pavlovski* v. *Klassing,* 134 *Ga.* 704 (68 S. E. 511); Simmons Creek Coal Company *v.* Durand, 142 U. S. 417 (12 Sup. Ct. 239, 35 L. ed. 1063). Laches which amounts to negligence debarring the assertion of a right is such an omission to assert the right as, taken in conjunction with lapse of time and other circumstances, causes prejudice to an adverse party. It would be indeed singular to say that the holder of a forged title out of possession could claim any grant of immunity from attack on his false title by the true owner in possession, solely because of the latter's delay, when the circumstances do not even remotely suggest that he has been prejudiced by such delay. Inasmuch as an owner of land in possession may resort to a court of equity to defend his title at any time before his possession is invaded or his title is attacked, it was immaterial when the plaintiff received information that the deed to his property had been forged. The allegation is that this knowledge came to him after the death of his wife; and as the interest of no other person is affected by his delay, equity will not throw him out of court, though he may have waited as long as even ten or eleven years to bring suit.

3. The amendment alleging that the deed was forged by his wife's causing some one to impersonate the plaintiff before the witnesses to the deed was unnecessary to save the case from dismissal. The allegation in the original petition was that it was a forgery, and the plaintiff was not called upon to allege by whom the forgery

was committed. The issue was sufficiently formed by the allegation that he was not the person who signed the deed before the witnesses, and did not authorize any person to sign the deed for him.

*Judgment reversed. All the Justices concur.*