## LEMON *v.* LEMON *et al.*

FISH, C. J. On October 23, 1903, a husband executed to another, as trustee for the wife of the grantor, a deed which recited a consideration of $5 and of the withdrawal and settlement of a suit then pending in the superior court for divorce, alimony, injunction, and other relief, which had been filed by the wife against the husband. Certain real estate and bank stock of the maker of the deed were conveyed to the trustee, and the deed then proceeded as follows: "To have and to hold said property unto said John N. Williams, as trustee and in trust for said Lizzie Lemon, on the following conditions: that at the end of three years from this date all of the aforesaid property shall revert to and vest in the said Jesse L. Lemon absolutely, provided that from this time he, the said Lemon, ceases to use intoxicating liquors, or drink to excess in such manner as to result in habitual intoxication as in law would authorize a divorce, and also ceases from this time such other conduct as in law would authorize a divorce. In the event of said Jesse L. Lemon's renewal of habitual intoxication, or of his being guilty of other conduct as in law would authorize a divorce, then and in that event all of said property to vest in said Lizzie Lemon during her natural life, and at her death to belong equally to the children of said Jesse and Lizzie Lemon. Said Jesse L. Lemon to have free use of said realty and dividends of bank stock, without accountability for rents or interest during the said three years, provided he refrains from habitual intoxication or other conduct authorizing divorce, and lives with, maintains, and supports his family, he keeping said property in repair. In the event said property does not revert to said Jesse Lemon, but vests in Lizzie Lemon for life as aforesaid, the same shall be accepted by her in full settlement of any alimony, temporary or permanent, of said Jesse L. Lemon or his property; but this provision as to Lizzie Lemon shall not be construed as to relieve the said Jesse Lemon from his obligation to support and maintain and educate his minor children. Said Jesse L. Lemon hereby further agrees that he will keep paid up dues and premiums and maintain the two insurance policies now held by him in favor of Lizzie Lemon so long as they live together as husband and wife. Both of said parties, Jesse L. Lemon and Lizzie Lemon, hereby mutually agree to live together as husband and wife, to treat each other kindly and affectionately, oblivious of past differences. Said Jesse L. Lemon hereby agrees to pay costs of said suit pending, and also pay counsel fees of said Lizzie Lemon." *Held:*

1. This deed conveyed title out of the grantor, and by its terms title was not to revest in him except upon the condition therein specified.

(*a*) The deed did not create a provision for a forfeiture of his title upon the happening of a condition subsequent, but denuded him of title, which was not to revert to him except upon a certain condition.

(*b*) Civil Code § 2990, which declares that subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony, as between husband and wife, does not apply to the deed above set out, which was not a deed providing for alimony for the wife living separate from her

husband, but was made upon a recited consideration of $5 and the settlement of a prior suit between the husband and wife, in connection with which the parties were to live together, and the title to certain property was conveyed so as to inure to the benefit of the husband or wife according to the husband's subsequent conduct.

(c) Under the terms of such a deed and contract, the subsequent cohabitation of the parties did not ipso facto destroy the deed itself.

(d) The condition upon which title might revert to the husband was, not if the wife failed to apply for or obtain a divorce, but if during a period of three years the husband should cease his previous misconduct and not be guilty of other misconduct which would authorize a divorce. In order that there might be a reverter, it was incumbent upon him to perform the condition thus specified.

(e) The petition brought by the wife against the husband and the trustee (which comes before this court on exceptions to the rulings of the court on demurrers) alleged that the husband had not performed his part of the contract, but had during the three years been guilty of habitual intoxication and acts of adultery which would authorize a divorce.

(f) The mere fact that the petition was not brought before February, 1912, between five and six years after the expiration of the three years mentioned in the deed, was not alone sufficient to authorize the sustaining of the general demurrer, in view of the allegations as to the possession of the wife during that time and of the husband's recent efforts to dispose of a part of the property, and his interference with her possession and enjoyment, and in further view of the allegation that the wife discovered that her husband had been guilty of adultery during the three years specified in the deed only a short time before the commencement of the action, and that she had separated from him upon such discovery.

(g) The demurrer based on the ground that the allegations were not sufficient to support an injunction was not well taken, in view of the character of the property, the occupancy of a portion of the property by the wife as her home, the misconduct of the husband, and his intrusion and interference with her peaceable enjoyment. *Lyon* v. *Lyon*, 102 *Ga.* 453 (31 S. E. 34, 42 L. R. A. 194, 66 Am. St. R. 189) ; *Smith* v. *Burrus*, 139 *Ga.* 10 (76 S. E. 362).

(h) The naming of the trustee in the deed did not prevent the wife from bringing suit in her own name and alleging that the title for life had vested in her under the terms of that instrument. Moreover, it was alleged that the trustee named was made a party defendant with the husband.

(i) There was no error in overruling the general demurrer on any of the grounds thereof. *Mathews* v. *Paradise*, 74 *Ga.* 523; *Pearson* v. *Denham*, 78 *Ga.* 545 (3 S. E. 336).

2. The amendment to the plaintiff's petition, allowed on June 19, 1912, was not subject to demurrer on the ground that it set up a new and distinct cause of action, or that it was contradictory to the allegations of the original petition; nor were the allegations in regard to possession so distinct that the amendment should have been dismissed on demurrer because they were not divided up and numbered as several paragraphs.

3. In order for conduct of the husband to have the effect of causing an estate to vest in the wife, and to prevent a reversion to him, it must have occurred during the three years specified in the deed. There was no error in so ruling on demurrer.

(a) Whether acts of violence or of drunkenness, if any, at the time of the application for the grant of an injunction, might have tended to show the necessity for an injunction is not involved, under the character of these allegations stricken.

(b) It was argued that the amendment was not sworn to; but no such point was raised by the demurrer.

4. The allegations of the amendment, that the husband did not reform, but resumed and continued his habitual intoxication during the three years mentioned in the deed, in connection with the allegations of the petition, were not subject to demurrer on the ground that they were conclusions of the pleader or too general.

5. The allegations that at some time within three years from the execution of the deed the husband engaged in acts of fornication and adultery with two named women, and with others whose names were alleged to be unknown to the plaintiff, and lavished his money and affections upon them in acts of lewdness and debauchery, were subject to special demurrer on the ground that they should have alleged with reasonable specification the times and places when it was averred that the acts occurred. A general averment that they occurred within three years from the execution of the deed, without showing any reason why a more definite allegation could not be made, was subject to special demurrer.

(a) If the allegations in regard to immoral conduct of the husband are not made more specific by amendment and are dismissed, the general allegation of other wicked conduct beside habitual intoxication would also fall.

6. In view of the amendments to the petition, there was no error in the other rulings complained of in the main or cross-bill of exceptions.

*Judgment on each bill of exceptions affirmed in part and reversed in part. All the Justices concur.*

FEBRUARY 27, 1914.

Equitable petition. Before Judge Morris. Cobb superior court. December 31, 1912.

*D. W. Blair* and *J. J. Northcutt,* for plaintiff.

*J. Z. Foster* and *Joe Abbott,* for defendants.