*Joe M. Lang,* for plaintiff.    *Weltner & Sims,* for defendant.

---

## SWEATMAN *v.* DAILEY.

BECK, P. J.   1. Where a purchaser of land brings a suit in equity to reform a deed so as to make it show the correct boundaries of the tract of land, which were incorrectly stated in the deed as originally drawn through the mutual mistake of the parties and of the scrivener, the original grantee in the deed and parties to whom he sold the land and conveyed it by warranty deed are proper parties plaintiff.

2. Where the original vendor of the land died intestate and there was no administrator or personal representative of the decedent at the time the suit was brought, a suit could be maintained against the sole heir at law of the intestate, as he was apparently the only party who was interested in resisting the suit.

3. The court did not err in overruling the demurrer based upon the ground of laches; for while the suit was brought many years after the making of the deed, the original purchaser, one of the plaintiffs, and the other two parties plaintiff had been in continual possession of the land, as the jury were authorized to find from the evidence, and the plaintiffs were not aware of the mistake in the deed until a short time before the suit was brought. This fact, and where there had been no assertion of a claim adverse to the rights of the plaintiffs, as set up in the petition, and no fact or circumstance to put plaintiffs on notice of such claim, and the further fact that no rights of third parties had intervened, authorized the jury to find, under the instructions of the court, that the plaintiffs were not barred by laches.

4. The facts alleged and the prayers for the reformation of the instrument give the court of equity jurisdiction. *Kelly* v. *Hamilton,* 135 *Ga.* 505 (69 S. E. 724) ; Park's Code, §§ 4567, 4570, 4580, and cit.

5. Error is assigned upon the following charge of the court: "I want to call your attention right here to some of the evidence in this case. The question was propounded to some witnesses in the case as to what Mr. Dailey said about the claim to this land at the time of this transaction or immediately succeeding that time. The court ruled that the declaration of Mr. Dailey was competent, not to show that he owned this land or to show that there was any trouble about this deed, but simply to illustrate, if it did illustrate it, what was the mental attitude of this man Dailey to this transaction at the time it was claimed he made it or just preceding his declaration. His declara-

tion about his understanding of the trade would not affect Mrs. Sweatman in any other possible way, unless it was considered in connection with the understanding at the time the deed was executed as to what each of these parties considered he was buying and she was selling." This charge was not error against the defendant. It is not controverted that evidence such as the court referred to had been introduced; and for the court to limit it as he undertook to do in the portion of the charge just quoted was beneficial to the defendant rather than hurtful.

6. The court did not err in submitting to the jury, under proper instructions as to what would constitute laches and negligence, the question as to whether the plaintiffs in this case had by delay in bringing this suit been guilty of such laches and negligence as would prevent their having relief in equity.

7. It is contended that the court erred in using this language in his charge to the jury: "Did she [Mrs. Sweatman] sell a piece of land bounded on each side by forty-five rods?" Upon examination of the charge we find that the entire question put to the jury was as follows: "Did she [that is, Mrs. Sweatman] sell a piece of land comprising fifty acres, more or less; or did she sell a piece of land bounded on each side by forty-five rods?" The statement of the entire question alone is enough to show that there is no merit in this exception to the charge. The court stated aptly, and in language easily comprehensible, one of the material issues involved in the record.

8. The first ground of the amendment to the motion for a new trial assigns error upon the ruling of the court which allowed in evidence the testimony of the plaintiff Dailey as to conversations and transactions had with Mrs. Martha Sweatman, the deceased mother of the defendant and the grantor in the deed sought to be reformed. The assignment of error here is too defective to raise any question ·for decision by this court; for the testimony objected to is not set forth literally or in substance. That the court will not look to the evidence to ascertain what was the evidence admitted over objection, has been ruled by this court a large number of times. To avail himself of his grounds of objection to evidence admitted over such objection, the movant should set forth the evidence objected to either literally or in substance in the ground of the motion itself, otherwise the ground is not complete.

9. In the next ground of the motion error is assigned upon the judgment of the court rejecting the testimony of Sweatman, the defendant and movant. Nor is this evidence set forth literally or in substance, and the ruling made in the preceding headnote applies.

10. The third ground of the amendment to the motion for a new trial is as follows: "Movant contends that the· court erred in admitting in evidence the testimony of the plaintiff Dailey, or Stovall, Williams and all other witnesses, as to what land the plaintiff Dailey claimed to own and to cultivate during all the years between the date of the deed and the date of the trial. Movant contends that said testimony was irrelevant and immaterial to the issue involved in the case; and that same were self-serving declarations on the part of said Dailey. Movant objected to said· testimony on these grounds, and moved· to rule same out on these grounds; and he respectfully contends that the court erred

in admitting such testimony, and not ruling same out." The defect in this ground of the motion is obvious, in view of the rulings in the two preceding headnotes.

11. The court did not err in overruling a motion made that a verdict be directed in favor of the defendant.

12. The evidence authorized the verdict in favor of the plaintiffs.

*Judgment affirmed. All the Justices concur.*

No. 5219. MAY 14, 1926.

Equitable petition. Before Judge Ellis. Fulton superior court. October 24, 1925.

Marion M. Dailey, Mrs. Susan K. Barber, and J. A. Link filed their petition against Albert Sweatman, seeking to have reformed a deed made in December, 1880, by Martha Sweatman to Marion M. Dailey. In the petition it was alleged that on December 21, 1880, Mrs. Sweatman sold to Mr. Dailey fifty acres of land, more or less, located in and being the northeast quarter of land lot No. 44 of the 17th district of Fulton County, Georgia, for $300; that the deed was written and attested by the justice of the peace of the Oak Grove district of Fulton County, the deed being executed by Mrs. Sweatman; that immediately after the execution of the deed Mrs. Sweatman, who had been living on the land, moved off and delivered possession of the land and the dwelling-house thereon to Dailey, who went into possession, first placing a tenant in the house for a short time and then moving on the land himself, that he lived for a long time in the house standing on the land when he bought it, but after a few years had that house torn down and another and better house built on the land, which he used as his residence continuously from that time up to the time of filing the suit; that he cultivated a large part of the land from year to year and made improvements, such as putting out orchards, building fences, clearing land for cultivation, and exercised open and notorious possession of the land and openly and notoriously claimed ownership thereof, and Mrs. Sweatman, who lived for many years after the sale, recognized his ownership and title, and never herself claimed any part of same or any interest therein; that Dailey, in 1905, deeded the land to Mrs. Barber, one of the plaintiffs, reserving an interest in it for life, and Dailey and Mrs. Barber afterwards sold a portion of this land, about seven acres off the south side of the 50-acre tract, to Link, the other plaintiff; that when the sale was made by Mrs. Sweatman to Dailey they

got Seaborn Jones, the justice of the peace, to prepare the deed, telling him that the tract of land being sold consisted of fifty acres, more or less, and that the corners thereof were marked by certain temporary markers or monuments, consisting of pine knots driven into the ground. The justice of the peace in writing out the deed undertook to describe and specify the length of the four sides or boundaries, and described them as being 45 rods each, and concluded the description with the words, "containing fifty acres more or less," the description of the land as contained in the deed being as follows: "All that tract or parcel of land situate, lying, and being in the seventeenth district of originally Henry, now Fulton County, known as part of land lot No. forty-four, commencing at a southwest made corner, running east forty-five rods to a pine-knot corner, thence north forty-five rods to an original pine-knot corner, thence west on the original land line forty-five rods to a pine-knot corner, thence south forty-five rods to starting point; containing fifty acres more or less."

The error in the deed sought to be reformed consists in the use of the words "forty-five rods," which should have been "ninety rods more or less." It was distinctly alleged that the parties intended that the deed should cover the entire tract of fifty acres more or less, that they thought it did, and that the mistake was never discovered by any one until shortly before the suit was filed, when Dailey and Mrs. Susan Barber were preparing to sell a portion of the land, and the prospective purchaser was having the title examined, and the attorney examining the title discovered the error. The prospective purchaser then, in an effort to have the mistake corrected, sought a quitclaim deed from Albert Sweatman, the defendant, as the sole heir at law of Mrs. Sweatman; and then the defendant, after having the matter thus brought to his attention, began asserting a claim to a part of the land. The defendant was the sole heir of his mother, and there was no administration on her estate.

The defendant filed a demurrer to the petition, in which the points were made that there was a misjoinder of parties plaintiff and a failure to have a necessary party defendant, in that neither the grantor nor her personal representative was made a party; that the plaintiffs were guilty of laches and for this reason not entitled to relief; and that the legal remedy was adequate, and there

was therefore no equity in the bill. This demurrer was overruled, and the defendant filed exceptions pendente lite. The case came on for trial; and after evidence was introduced by both sides, the jury returned a verdict in favor of the plaintiffs and in favor of reforming the deed as prayed. A motion for a new trial was overruled, and the defendant excepted.

*Hewitt W. Chambers* and *Chambers & Dickey,* for plaintiff in error.

*J. Walter Mason* and *Branch & Howard,* contra.