## HUNNICUTT *v.* ARCHER.

HINES, J. 1. The court erred in dismissing the petition upon the ground that the petition was brought more than twelve years after the execution of the deed sought to be reformed, and that for this reason the plaintiff's cause of action was barred by laches or the statute of limitations.

(a) To avail himself of such defense, a party must plead it. *Parker* v. *Irvin*, 47 *Ga.* 405; *So. Ry. Co.* v. *Wells*, 103 *Ga.* 209 (29 S. E. 714).

(b) A party in possession is not too late to move for reformation of a deed under which she claims title and right to possession until her possession is sought to be disturbed. *Wall* v. *Arrington*, 13 *Ga.* 88; *Smith* v. *Burrus*, 139 *Ga.* 10, 12 (76 S. E. 362); *Sweatman* v. *Dailey*, 162 *Ga.* 295 (133 S. E. 257).

2. A court of equity will reform a contract of sale, when from mutual mistake, or mistake common to both parties, an instrument does not express the true agreement of the parties. Equity will also reform an instrument, where there is ignorance or mistake on one side, and fraud or inequitable conduct on the other side. *Reese* v. *Wyman*, 9 *Ga.* 430; *Wyche* v. *Greene*, 26 *Ga.* 415; *Adair* v. *McDonald*, 42 *Ga.* 506; *Venable* v. *Burton*, 129 *Ga.* 537 (59 S. E. 253); *White & Hamilton Lumber Co.* v. *Foster*, 157 *Ga.* 493 (122 S. E. 29); *Gibson* v. *Alford*, 161 *Ga.* 672, 682 (132 S. E. 442).

3. Applying the above rulings, the court erred in sustaining the demurrer to the petition.

*Judgment reversed. All the Justices concur, except Hill, J., absent because of illness.*

No. 5413. FEBRUARY 26, 1927.

Equitable petition. Before Judge Humphries. Fulton superior court. April 7, 1926.

In December, 1925, Mrs. Beulah Archer Hunnicutt brought a petition against Mrs. Bessie Myra Archer, and alleged in substance

Limitations of Actions, 37 C. J. p. 1213, n. 52; p. 1215, n. 53.

Reformation of Instruments, 34 Cyc. p. 907, n. 32; p. 908, n. 38; p. 915, n. 86; p. 917, n. 87; p. 919, n. 92; p. 920, n. 7; p. 966, n. 74, 75.

the following: On October 7, 1913, petitioner was the owner of an equity in certain described real estate. About six months before this date her husband died, leaving her in an enfeebled condition and upon her own resources. Her brother, Polk Archer, in whom she had every confidence, approached her with the proposition that she deed to him her equity in the real estate, and that as a consideration therefor he would furnish to her a support during her life, or until she married again. Polk Archer had drawn and presented to her for her signature a deed to the real estate, which deed recited a consideration of $700 and other consideration. She had the utmost faith and confidence in the integrity and honesty of Polk Archer, and relied absolutely and unqualifiedly upon all his statements. It was distinctly agreed and understood between her and Polk Archer that the consideration for the deed was that she was to be supported by him during her life or widowhood. While the deed recites a cash consideration of $700, in truth and in fact not one cent was paid to her by Archer. He represented to her that the recitals in the deed were sufficient to protect her in any eventuality, and that it was not necessary to incorporate therein the full agreement. Her confidence in him was misplaced and was by him betrayed, in that the representation by him that the recital in the deed was sufficient to protect her, and that it was unnecessary to incorporate in the deed the full agreement, was false and fraudulent, and was intended at the time to deceive her, and it did so deceive her; and if her confidence had not thus been misplaced, she would not have signed the deed as written. In November, 1925, Polk Archer died, and Bessie Myra Archer, his widow, is now claiming the property as the heir of her husband, to the exclusion of petitioner's rights. Petitioner has no adequate remedy at law, she has never remarried; and unless a court of equity takes jurisdiction of her cause, she will suffer irreparable injury. The prayers are, that the deed be reformed to speak the true contract between petitioner and Polk Archer; that on the final hearing such decree be entered as will adequately protect and enforce petitioner's rights in the premises; that the defendant be enjoined from in any manner interfering with petitioner's possession of the premises, from selling, incumbering, or changing the status of the property; for general relief. By an amendment it was alleged that the defendant is also seeking to claim the prop-

erty described under and by virtue of a deed to secure a debt in the sum of $2,000, and of a warranty deed stating a consideration of $2,000, both of which purport to have been executed by Polk Archer to the defendant, and bear dates subsequent to the date of petitioner's deed to Archer; that the deeds are not bona fide, but were executed for the purpose of furthering their scheme to defraud petitioner out of her property; that defendant has been duly appointed as executrix of the last will and testament of Polk Archer, deceased, and is acting in that capacity.

The defendant demurred to the petition as amended, on the grounds, (1) that it set forth no cause of action; (2) that the prayer is for reformation of the contract, which can only be done in cases of mutual mistake, and the only right the plaintiff would be entitled to would be cancellation of the contract, or rescission; and (3) that the petition makes no case for reformation, cancellation, or rescission. The trial judge sustained the demurrer and dismissed the action, holding that "the facts alleged are not sufficient to authorize the maintenance of the suit for the purposes named, more than twelve years after the execution of the deed referred to." The exception is to this judgment.

*C. E. Moore,* for plaintiff.

*H. W. Chambers* and *Aldine Chambers,* for defendant.