## BENDER *v.* RANDALL BROTHERS INCORPORATED.

198

*William F. Buchanan,* for plaintiff in error. *Augustine Sams,* contra.

Grice, Justice. Randall Brothers Inc. brought suit against Fred L. Bender, in which it was alleged that defendant was indebted to petitioner in the sum of $662.69 for material furnished and used in improving certain described real estate; that defendant executed his promissory note therefor, and a warranty deed to petitioner to secure the note, intending to convey to petitioner the actual property so improved; but that "through a mutual mistake on the part of both parties" a different description was inserted in said deed; copies of the deed as executed containing the alleged incorrect description, and of the alleged correct description, being attached. Petitioner alleged that "the incorrect description given in said deed constituted a mistake on the part of petitioner and grantee in receiving said deed and either a mistake on the part of the grantor (constituting a mutual mistake) or a mistake on the part of the grantee and a misrepresentation on the part of grantor (the defendant herein) as to the property actually improved, with intent to hinder, delay, and defraud as to the collection of the indebtedness described in the note attached as an exhibit." There was a prayer that the deed be reformed. In the answer the defendant admitted the execution of the note and deed; that he intended to convey to petitioner the actual property improved with said material, and that through mutual mistake of the parties another description was inserted, which in effect described a different piece of property. He pleaded not only that he did not own the property set out in the deed executed, but also that he did not own the property alleged to have been improved; and that the indebtedness sued for was not his, but that of the contractor who began the work but did not finish it. There was no demurrer to the petition or to the answer. At the conclusion of the evidence the court directed a verdict for the plaintiff. The defendant excepted to the overruling of his motion for a new trial, which contained the special ground that there were issues to be submitted to a jury.

■ . It is insisted that the direction of the verdict was contrary to law, because the uncontradicted evidence showed that Fred L. Bender was the owner of only a half interest in the real estate which Randall Brothers Inc. sought to have included in the security deed. Whether, as insisted by counsel for plaintiff in error, Mrs. Bender is shown by this record to own an undivided half interest in the lot, or whether, as urged by counsel for defendant in error, the contention as to that is not supported by the evidence, is a question we put to one side, for the reason that Mrs. Bender is not a party to this suit, and hence she makes no such issue, and whatever is the final judgment in the instant case can not affect her interest. It matters not which of the two parties is correct as to that matter, for it can not affect the right of the defendant in error to the relief sought, if otherwise entitled thereto. Having represented to Randall Brothers Inc., as he admits he . did, that he owned the entire title, he can not now impeach his own title as grantor, and can not defeat the right of the grantee by injecting into the case a claim that his mother owns. a half interest. *Sewell* v. *Norris,* 128 *Ga.* 824 (3) (58 S. E. 637, 13 L. R. A. (N. S.) 1118) ; *Cleaveland* v. *LaGrange Banking & Trust Co.,* 187 *Ga.* 65 (4), 71 (200 S. E. 137).

■ It is insisted that the court should not have directed a verdict, because there were issues of fact which should have been submitted to the jury, to wit, whether or not Randall Brothers Inc. could have by reasonable diligence ascertained the mistake at the time the deed was executed. We recognize the principles contended for by counsel for plaintiff in error, that it is not in every case that equity will reform a contract or conveyance; that, as stated in the Code, § 37-211, "if a party, by reasonable diligence could have had knowledge of the truth, equity shall not relieve;" and that questions of negligence or of diligence are ordinarily questions for the jury. We do not think, however, that the admissions in the pleadings and the undisputed testimony call for the application of the foregoing principles. A mistake of the character here shown without dispute is relievable in equity. Code, §§ 37-203, 37-205, 37-206, 37-215; *Long* v. *Gilbert,* 133 *Ga.* 691 (66 S. E. 894) ; *Gibson* v. *Alford,* 161 *Ga.* 672 (2-a) (132 S. E. 442). "The true rule as to negligence as it may affect one's right to relief in equity is stated in the Code of 1910, § 4571" (1933, § 37-212).

*Crim* v. *Alston,* 169 *Ga.* 852, 856 (151 S. E. 807). That section reads as follows: "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby."

The clause heretofore quoted from § 37-211 was not intended to lodge any arbitrary discretion in judge or jury to deny reformation on the ground that the party seeking relief could by reasonable diligence have had knowledge of the mistake. The uncontraverted facts of this transaction show that reasonable diligence was used. The description was furnished by Bender; he personally obtained the description from the tax official at the city hall; he gave to the representative of Randall Brothers Inc. the description which he had thus obtained, not knowing that it was incorrect. He had volunteered to give a mortgage, and, when asked for the description to go into the paper, said he would go to the city hall and get it. He executed the security deed at the request of Thompson, the contractor (who had purchased the material from Randall Brothers Inc.), and agreed to put up the property as security for the bill. Bender testified: "As to whether both parties to this deed were just mistaken about the description: The City of Atlanta should have known; they wrote it out like it is. I was mistaken about it. I though I had the right description. I don't know whether I was mistaken about it or not, because I did not write out the description. It is a mistake, though, and I thought I was giving a correct description. As to whether the plaintiff in this case accepted it: They said the city hall had given the right description. They accepted the description, and thought they were accepting the correct description, and it turned out both parties were mutually mistaken about it." The verdict to the effect that a mutual mistake was made in the description, and that it be reformed and corrected as prayed for, was the only legal verdict that could have been rendered under the pleadings and the evidence. The refusal to grant a new trial must be

*Affirmed. All the Justices concur.*