MIMS *et al. v.* LIFSEY *et al.*

No. 13638.    June 14, 1941.

*Gilbert C. Robinson, Homer Beeland,* and *Dan S. Beeland,* for plaintiffs.

*C. W. Foy* and *Whipple & Williams,* for defendants.

REID, Chief Justice.    The petition in this case was filed in Taylor superior court, by three brothers against their father, E. J. Mims, alleged to be a resident of Crisp County, Dekle Funeral Home, a corporation of Crisp County, and M. A. Lifsey, a resident of Taylor County.    The petition alleged that the plaintiffs were owners of a described tract of land (consisting of eighty-five acres) in Taylor County; that it had been owned by their grandmother, the mother of E. J. Mims, but that before her death, which occurred in June, 1938, she had conveyed it to them by warranty deed delivered at the time of its execution, the deed reserving to her a life-estate; that Lifsey was in possession of the land, having been a tenant of Mrs. Mims under an oral contract which they say by its provisions terminated December 31, 1938; that he refused, on their demand, to surrender possession, claiming that he had an option, under agreement made with E. J. Mims, to continue as tenant for a period of five years; that there was a misdescription of the land intended to be conveyed by Mrs. Mims to them, in that one of the boundaries was fixed in the deed as the corporate limits of the City of Reynolds, when in fact it should have been Lashley Street in the City of Reynolds; and reformation was sought as against E. J. Mims, alleged to be the sole heir at law of the grantor. It was made to appear that there was no administration of Mrs. Mims's estate.    In addition to these allegations it was shown that E. J. Mims had executed two security deeds on this land, one to the defendant Dekle Funeral Home and one to Lifsey, each purporting to secure debts owing by E. J. Mims.    It was alleged that Lifsey by refusing to yield possession had damaged the plaintiffs in the sum of $300.    The prayers were, for reformation of the deed to plaintiffs, and for cancellation of the security deeds executed by

E. J. Mims to each of the other named defendants. Numerous amendments were filed, supplying sundry details in reference to the above-stated contentions, and finally making the administrator of E. J. Mims (he having in the meantime died) a party defendant. As amended, the petition prayed for injunction against the defendants' going upon the lands in dispute or interfering with the plaintiffs in reference thereto.

Demurrers challenged the petition on the grounds: that no cause of action was set out; that there was an adequate remedy at law; misjoinder of parties defendant and causes of action; insufficient allegations to support the claim for damages or for cancellation of the security deeds.

The judge, holding that as to eviction of Lifsey, the local defendant, as also to the claim of damages against him, the plaintiffs had an adequate remedy at law, and that the petition was multifarious in the respects claimed by the defendants, and that, inasmuch as the plaintiffs did not show possession in themselves they stated no case for cancellation of the security deeds as clouds on their title, entered an order sustaining the demurrers and dismissing the action. The exception is to this order.

■ This is a typical case for application of the principle stated in the uniform procedure act of 1887 (Code, §§ 37-901, 81-101), that a plaintiff in the same suit may obtain both legal and equitable relief. The owner of land who would have to have reformation of one or more deeds in his title chain before he could recover, by ejectment or other legal remedy, the possession of land held adversely to him may bring a suit in equity to reform the deed and in the same suit pray for recovery of the possession of the land and for damages for its detention. *Sawyer Coal & Ice Co.* v. *Kinnett-Odom Co.*, 192 *Ga.* 166 (14 S. E. 2d, 879) ; Powell on Actions for Land, § 149.

■ Reformation of the deed is essentially equitable relief; and in an action for that purpose it is proper, if not indispensable, that the plaintiff should join as defendants all who would be adversely affected by the reformation. Hence in this case it was proper to join as defendants E. J. Mims, who but for the deed would take as heir at law, and Dekle Funeral Home and E. J. Lifsey, to whom Mims had executed deeds to secure debt. Lifsey was properly joined, because he claimed a right to occupy the land

for a substantial period of time under contract with Mims. Equity, having the parties before it for the purpose of reforming the deed, could grant full relief, including recovery of the land and damages for its detention, in the nature of a legal recovery of mesne profits, and anything else necessary to make the relief by reformation fully effective. Code, § 37-105. Since the plaintiffs could not assert their rights as owners, either in law or in equity, without a reformation of the description of the land in the deed, it was their right to have the deed reformed as against the holders of the security deeds, in order to have those deeds canceled as clouds on the title. It may be that the court would not grant the equitable relief of cancellation of these clouds, if the plaintiffs were in a position to protect themselves immediately by an action at law; but, as previously pointed out, the plaintiffs could be in no position to maintain a legal action until the deed was reformed; and equity does not take two bites at a cherry. Equity may in the same case, upon proper proof being made, decree reformation of a plaintiff's deed and thereupon cancel a defendant's deed. Being in equity, the court will consider that done which ought to be done, and will, upon plaintiffs' establishing their right to the reformation of the deed and to a decree putting them into possession of the land, proceed to cancel the defendants' deeds as a cloud upon the title, to the same extent that it would do so if the plaintiffs' deed were perfect in the first instance and the plaintiffs were in possession. Code, § 37-106.

■ Through the element of the case involving the reformation of the deed there is that common nexus as among all the defendants and all the causes of action asserted which supports equity jurisdiction; so the petition is not multifarious. See generally, Code, § 37-1501 (2) ; *City Bank of Macon* v. *Bartlett,* 71 *Ga.* 797 ; *Dwight* v. *First National Bank of Reynolds,* 159 *Ga.* 188 (125 S. E. 62). We are dealing only with the case as made by the petition. It may be that at the trial facts may develop which will prevent the plaintiffs from obtaining the relief they seek from some or all of the defendants. That can be handled in the verdict and decree. We now hold that the petition was not subject to the objections aimed at it through the demurrers sustained by the judge.

*Judgment reversed. All the Justices concur.*