### GEORGE BRIDGEFORD vs. THE MASONVILLE MANUFACTURING COMPANY.

In the case of a lost negotiable note, it is not necessary in this state for the owner to resort to equity, but a court of law can render judgment for the amount and require the plaintiff to give the defendant a bond of indemnity.

ASSUMPSIT on a lost note,.brought to the superior court in Windham county. The facts were found by the court and the case reserved for the advice of this court. The case is fully stated in the opinion.

*Phillips,* for the plaintiff.

*Penrose,* for the defendants.

SANFORD, J. The record in this case discloses the following facts, viz. :—

" On the 22d day of September, 1865, the defendants made a promissory note of that date, in which they promised to pay to William S. Arnold or order the sum of three thousand dollars on demand with interest, for value received, and delivered the same to said Arnold. On the 26th day of September, 1865, the said Arnold sold and delivered the note to the plaintiff, Bridgeford, endorsing it on the back as follows: *" Please pay to the order of George Bridgeford. W. S. Arnold."* In the month of September, 1866, the defendants·paid to the plaintiff on the note two hundred dollars and the interest for one year, which payment was endorsed on the note. On the 7th day of June, 1867, a further payment to the plaintiff of three hundred dollars on account of the note was made, he, the plaintiff, giving his note to the defendants for that amount. On the 28th day of May, 1867, the plaintiff had his pocket picked of his wallet, in which was the note, at a circus in the city of Providence, and the note was at that time lost, and has not been heard of since. Immediately upon the loss of

the note the plaintiff notified the defendants of the facts, and upon an examination of the note book of the defendants found a memorandum of the note, and at once published a notice in the "Providence Daily Press" describing the note, stating its loss, and prohibiting its negotiation, and stopping payment of the same. The note was never endorsed by the plaintiff Bridgeford, but remained as endorsed by Arnold."

What judgment should be rendered upon the foregoing statement of facts, is the question before this court.

It is the well established doctrine in England that there is no remedy at law for the holder of a negotiable promissory note which has been lost, to recover the contents from the maker, or any antecedent party to the note, but that the only remedy is in a court of equity.

The same doctrine prevails in some of the United States; but in this state and in Massachusetts, and perhaps some others, a different rule has obtained. Here a suit at law may be maintained upon a lost note without proof of its absolute destruction, though "such proof must be given by evidence of its destruction or otherwise as shows that the defendant cannot afterwards be compelled to pay the amount again to a *bona fide* holder." *Swift* v. *Stevens*, 8 Conn., 431. And where such proof is furnished it would seem there can be no good reason for compelling a party to resort to a court of equity for relief.

In the case under consideration *non constat* that the note is not still in existence, and may not yet be the subject of another suit against these defendants, although it is difficult to see how, under the state of facts found by the court, as above recited, the note never having been endorsed by the plaintiff Bridgeford, such suit could be maintained. The defendants nevertheless may be put to the annoyance and expense of defending such a suit, and against this, under the peculiar circumstances of this case, (the plaintiff himself by his want of care having contributed to his misfortune), should be indemnified. Is it competent then for the court, sitting as a court of law, to exercise equity powers in disposing of a suit at law ? Were our chancery courts in their organization distinct from

courts of law, as in England, it might seem like trenching upon the powers of the former for the latter to undertake to judge of the sufficiency of an indemnity, or indeed to make the judgment in a case of this character contingent upon the filing of a bond of indemnity by the plaintiff. But constituted as our courts of law are, the judges in chancery and at law being the same persons, no difficulty of this nature can well arise. At the same time we do not wish to be understood as desiring or intending to do away with the well understood distinction which has so long existed between courts of law and of chancery in this state.

This debt is due to the plaintiff, and he is entitled to his pay. The defendants should pay the note, and at the same time should be protected. Under all the circumstances of this case, we are disposed to advise the superior court to render judgment for the plaintiff, upon his filing in the office of the clerk of the court a bond of indemnity of sufficient amount, against the defendants being vexed by another suit, brought upon the lost note; which bond may be given by the plaintiff alone, or with such surety as the court shall direct.

In this opinion the other judges concurred.