MICHAEL A. SMITH, Respondent, *v.* SOPHIE COHEN et al., Appellants.

(Argued February 13, 1931; decided March 24, 1931.)

*Ellsworth Baker* for appellants. The complaint does not state a cause of action. (*Brackett* v. *Griswold*, 112 N. Y. 455; *Phyfe* v. *Cohen*, 74 Misc. Rep. 269; *Hickey* v. *Morrell*, 102 N. Y. 461; *Gill* v. *Jamaica Bay Co.*, 171 App. Div. 165.)

*John D. Lyons* and *Nellie Childs Smith* for respondent. The complaint states a cause of action in tort. (*Brackett v. Griswold,* 112 N. Y. 455.) There was ample proof from which the jury found fraud of the defendants and a wrongful conversion of plaintiff's property. (*Decker v. Matthews,* 12 N. Y. 313; *Deyo v. Hudson,* 191 App. Div. 655; *Stahl v. Dorman,* 23 Misc. Rep. 461; *Pease v. Smith,* 61 N. Y. 477.)

CRANE, J. For work and labor performed the defendants gave to the plaintiff, a builder, their promissory note in writing, dated September 25, 1929, for $790.85 payable in four months, with interest. Wanting cash badly, the parties met to carry out a new arrangement described by the plaintiff as follows:

" They told me if I would bring my old note and agree to take one hundred dollars less, I would receive the cash. I was to meet them the next day in Monticello, bringing this old note, which I did. I went to Monticello on the eleventh day of December, nineteen hundred twenty-nine. Mrs. Cohen asked me for the note. I gave her the note. She said ' Come in here ' and she walked several doors to a stationery store. She then told me to wait in the front of the store and she went in the back room. What she did I don't know. She had my note. While I was waiting in the front, Mr. Cohen came in and walked directly to the back room. In space of ten minutes then both came in and either Mr. or Mrs. Cohen — I forget which — handed me a new note and told me to take that to the bank and get my money. I took the note. I looked at it. It was made out to Michael A. Smith. I handed it to Mrs. Cohen and told her it was wrong; that I had come there with the agreement to surrender my old note and receive one hundred dollars less in cash — not to receive another paper. She said it was all right; that she had made arrangements; to take it to the bank and I would get

the money. I took that note to Mr. Osborne and asked him for the money."

Mr. Osborne refused to cash the note unless the plaintiff indorsed it, which he says was not the understanding with the defendants. " A. They told me they had made, or could make, arrangements with Mr. Osborne to get me the money, if I would accept one hundred dollars less on that note, and I would not have to indorse any notes; that this was to be cash, if I surrendered the old one."

On this state of facts the plaintiff has sued the defendants for fraud in obtaining the first note by deception, trick and subterfuge.

If we should consider the case alleged as made out it is quite apparent that the result cannot be sustained, as there is no proof of damage. The first note of four months was destroyed by Mrs. Cohen when she received it, but she did not and could not destroy the indebtedness. If the defendants were good financially the debt was as good as the note; in this case a judgment for the one could have been as easily collected or obtained as for the other. Damages on the fraud charge would be the value of the first note, not merely its amount. If the defendants were insolvent it had little or no value. There is no proof of damage. What the plaintiff should have done was to have tendered back the second note received for misunderstanding or mistake and to have sued on the indebtedness or the first note. An action at law under the facts of this case could have been maintained on the lost note — the one destroyed by the maker. (*Bridgeford* v. *Masonville Mfg. Co.*, 34 Conn. 546; *Matthews* v. *Matthews*, 97 Me. 40; *Kirkwood* v. *First National Bank*, 40 Neb. 484.)

Furthermore, we do not see the fraud in this case. The plaintiff saw that the second note was for eleven months, without interest, and supposed he could get it cashed without his indorsement as payee. " They told

me they had made or could make arrangements with Mr. Osborne to get me the money * * * and I would not have to indorse any notes."

What the defendants could do with the bank was at best a boast or a presumption and not the statement of an existing fact. Great expectations often prove disappointing but do not prove fraud. The evidence is too slim to sustain this legal accusation and the judgment must be reversed.

Although the defendants owe the money, the courts cannot give judgment as on contract when the complaint is in fraud. (Civ. Prac. Act, § 826.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur

Judgments reversed, etc.