THE MAYOR AND ALDERMEN of the City of Savannah, plaintiffs in error, *vs.* VIRGINIA J. COHEN, administratrix of ISAAC S. COHEN, deceased, defendant in error.

By act of 7th March, 1866, copies of lost bonds or notes may be established without requiring indemnity, unless the party liable for the payment of such lost paper shall make oath as required by the second section of said act, which being done, the party seeking to establish the copy bond or note shall be remitted to the remedies provided by law before the passage of the act of 1866.

Motion to establish lost bonds.   Decided by Judge FLEMING, Chambers, during May Term, 1866, of Chatham Superior Court.

This was a proceeding by defendant in error. before said Judge to establish certain lost bonds, (to wit: sixteen bonds for five hundred dollars each, numbered, and due as follows: Nos. 633 and 634, payable in 1888, with interest at seven per cent. *per annum,* payable in June and December in each year; Nos. 36 and 38, payable in 1874, with interest as aforesaid, payable in May and November in each year; bonds Nos. 109 and 110, payable in 1877, with interest as aforesaid, payable in February and August each year; Nos. 376, 377, 378, 379, payable in 1878, with interest as aforesaid, payable in February and August each year; No. 8, payable in 1872, with interest as aforesaid, payable in July and January in each year; Nos. 3, 4, 5, 6, 7, payable in July, 1872, with interest as aforesaid, payable in January and July each year, (said last five having been issued 7th July, 1852; all of said bonds and coupons thereto attached being payable to bearer,) by affidavit averring that on the 4th March, 1865, the said bonds were burnt in Cheraw, South Carolina, by soldiers of the United States army; that none of the coupons had been detached therefrom or paid since 1st January, 1864; and that the same were destroyed with said bonds; that her said husband, Isaac S. Cohen, is dead; that she is his duly qualified administratrix, and as such claims said bonds and coupons.

Notice was served according to the statute, 7th March,

1866, that application would be made to the Judge of said Court, during said term, to establish the original bonds and coupons so alleged to have been destroyed; and on the foregoing facts, and without further evidence or proof, said application came on to be heard before said Court on the third day of July, 1866.

Said corporation appeared by its attorney, who, before filing any written defence, objected and insisted that there was no authority in the Court for trying said cause at that term, on application filed and notice given during the term, and that there was no precedent or authority for establishing negotiable papers, transferable from hand to hand, alleged to be lost or destroyed, until such time as such papers should be due, and the risk of their transfer to a holder in good faith passed. Said attorney further argued and insisted that the act of the seventh day of March, eighteen hundred and sixty-six, entitled "An Act amendatory of the Law relating to the establishment of Lost Papers," was violative of common right and unconstitutional, if its effect was either to deny to said corporation the right to cross-examine the witness on whose affidavit the papers were sought to be established, or to take away the right of trial by jury, or to disable the Court to require indemnity from the applicant, or to subject said corporation to the risk of having to pay said bonds and coupons twice. Subject to said objections and points, and not waiving them, said attorney then filed a plea or answer, to the effect that there was not sufficient evidence that said bonds with coupons attached were either lost or destroyed; and that if there was such proof in the cause as would authorize the establishment of said alleged bonds as either lost or destroyed, yet that their establishment, if granted by the Court, should be upon such just and equitable terms, as to indemnity, as would secure said corporation from the possibility of loss in case such bonds should afterwards prove to be in existence.

After argument had in support of and against the foregoing grounds of defence, the Court ordered said bonds, with coupons attached, to be established in lieu of the originals,

without indemnity to said corporation, and putting said decision on the alleged validity of said act of seventh March, eighteen hundred and sixty-six; overruling all the points made on behalf of said corporation, and ruling that it was not necessary to decide whether, under the law as it existed before that statute, the defendant would be entitled to a bond of indemnity; and that the law as it existed before that statute had nothing to do with the case until the defendant should have taken the oath prescribed in that statute.

To which decision and rulings of said Court and Judge in the premises, the Mayor and Aldermen of the City of Savannah, by their attorney, excepted and say that said Judge erred—

1st. In deciding that such application could be heard without having been made returnable to a term.

2d. In deciding that the Court has authority to establish lost negotiable papers, transferable from hand to hand, until such time as said papers should be due.

3d. In deciding that there was before the Court sufficient legal proof of the destruction of said bonds sought to be established.

4th. In refusing to require said applicant, Virginia J. Cohen, administratrix as aforesaid, to give indemnity to said corporation upon the establishment of said bonds as lost or destroyed.

5th. In deciding that said act of 7th March, 1866, did or could constitutionally authorize the Court to establish said bonds without the right on the part of said corporation to cross examine the said applicant, and to establish said bonds without indemnity; and that said act did or could constitutionally take away the right of trial by jury, unless the defendant should make oath that said bonds never existed, or that the same had been paid off or discharged.

6th. In deciding that there was any law repealing or interfering with that part of the sixth section of the act of the sixteenth day of February, in the year seventeen hundred and ninety-nine, entitled " An Act to amend an Act entitled 'An Act to revise and amend the Judiciary System of this

State,'" which declares that "the said Courts, respectively, shall have power and authority to establish copies of lost papers, deeds, or other writings, under such rules and precautions as are or may have been customary and according to law and equity."

EDWARD J. HARDEN, for plaintiffs in error.

LAW and LOVELL, for defendant in error.

WARNER, C. J.

The same question being involved in this case as in that of the Mayor and Aldermen of the City of Savannah vs. Burroughs, both cases were argued together, and the decision in that case must control and decide this case.

Let the judgment of the Court below be affirmed.