No. 14,154.

STATE EX REL. WILLIAM S. BENEDICT VS. THE SOUTHERN MINERAL AND LAND IMPROVEMENT COMPANY ET AL.

SYLLABUS.

1. The stock was owned by the relator. He advertised the loss of his certificate of stock.

2. The oath for a *mandamus* taken by the attorney to compel the corporation to transfer on the books of the company the original shares of stock and to deliver certificates in his name, was *prima facie* legal and sufficient, particularly in the absence of all objection to it in the court of the first instance. The objection was only raised *arguendo* on appeal.

State ex rel. Benedict vs. Mineral and Land Improvement Co.

3. The loss of the certificates of stock was sufficiently shown to enable the relator to obtain certificates of stock.
4. More than ten years have elapsed since relator became the owner. No one has laid claim to the lost certificates and third persons can lay no claim to the stock after these many years of silence and inaction. 42 Ann. 1172.

A PPEAL from the Civil District Court, Parish of Orleans—
King, J.

Benjamin Ory, for Plaintiff, Appellee.

Carroll & Carroll, for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. Two hundred and fifty shares of the capital stock of the Southern Mineral and Land Improvement Company, valued at about twenty thousand dollars, are claimed by the relator as owner, he having bought them on February 3rd, 1891, at a bankruptcy sale of the property of Mr. John B. Lallande, to whom these shares had been issued by the company.

The process verbal of the auctioneer, by whom the property was sold at public auction, shows that two hundred and fifty shares of the Southern Mineral and Land Improvement Company, represented by two certificates of shares, were adjudicated to relator. The sale was made in accordance with an order obtained by the syndic of Mr. Lallande's estate in due time and directing the auctioneer to sell certain assets surrendered, among which was the stock in question. The secretary of the company, by his testimony, shows that certificates were issued to Mr. Lallande for this stock as per his receipt in the possession of this officer of the company. He said he did not know what had become of the certificates, but recalled that the syndic said to him at the time that these certificates were in his hands as assignee. In 1901, i. e., about ten years after the stock had been issued, the relator gave notice, as required, in one of the local newspapers of the loss of these certificates.

It is well settled that mandamus will issue to compel the corporation to issue certificates to the owner. This was not denied, but it was in the first place contended by respondent that the mandamus should not be made peremptory, because the petition was sworn to by the

attorney for the relator and not by the relator in person. Having gone to trial on the merits, it was too late to urge that objection on appeal. Besides a presumption arises in favor of the oath, either that the principal was absent or for other good reason was unable to take the oath and that the attorney had needful authority. The principal is bound by the act of his agent. It was not a matter of great concern, under the circumstances here, whether the oath was taken by the principal or the agent. To all intents and purposes it was as if the oath had been taken by the principal. *Qui facit per alium, facit per se* is an applying maxim.

Another objection of the respondent is that the loss was not shown. The respondent admits that which is undeniable, that notice of loss was advertised, but it chooses to object because the testimony, as it suggests, does not give the particulars of the loss. We do not think that there was necessity, after these many years since the loss, to prove how it happened that they are lost.

There is ample testimony showing that Mr. Lallande had not parted with his stock when it became part of the assets of his insolvency, and there is ample written evidence showing that the relator became its owner; that the two certificates were adjudicated to him at public auction of the bankrupt estate of Lallande. Manifestly he is entitled to the certificates and, as they are lost, he is entitled to duplicates showing that he is the owner and recognized by the company as the owner.

There is every reason to hold that these certificates are lost, but even if they have fallen into the hands of others, as a principle of commerce, it can well be laid down that one who remains quiescent these many years could not be heard to claim shares that are held by a transferee in good faith. Friedland vs. Slaughterhouse, 31 Ann. 523. It will be borne in mind that these certificates were made not negotiable and therefore third persons have not acquired rights which they can set up at this time. Tax Collector vs. Insurance Co.. 42 Ann. 1172.

The respondent is not to be advantaged one way or the other. In this instance it is only concerned in issuing duplicate certificates to the true owner. The evidence shows that relator is the owner, and, therefore, they can with safety, as relates to this relator, be issued to the relator.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court making the alternative writ of *mandamus* peremptory and ordering the Southern Mineral and Land Company of New Orleans, La., to transfer on the books of the company the original shares of stock originally standing in the name of John B. Lallande as represented by certificate No. seven for five shares and certificate No. twenty-nine (29) for 245 shares and to issue and deliver to W. S. Benedict new certificates in his name for said shares is affirmed.

The CHIEF JUSTICE is recused.