CHESTER E. MATTHEWS

*vs.*

FLORENCE D. MATTHEWS, and another.

Cumberland. Opinion December 4, 1902.

*Lost Bills and Notes. Indemnity to Payor. Practice.*

In a suit upon a note claimed to have been lost, the court in its discretion will determine, in accordance with the facts of each particular case, whether the plaintiff shall have judgment without furnishing the defendant with indemnity.

Although the loss of the note without indorsement and after maturity is established by the weight of evidence, it is not therefore to be necessarily and conclusively assumed that the maker will be subjected to no loss on account of its reappearance.

In such case the court may in its discretion, and as a condition to the rendition of judgment, order such indemnity given as will reasonably protect and secure the defendant from possible loss, or it may order the case continued for judgment from term to term until the note has been barred by the statute of limitations.

*Held;* that, in this case, defendant should be defaulted for the amount of the note in suit, and the case continued for judgment from term to term

until the note is barred by the statute of limitations, or until the plaintiff furnishes the defendant such indemnity as the judge of the court hearing the case shall order and determine.

On report. Continued for judgment for plaintiff.

Assumpsit on a promissory note which plaintiff's testimony showed to be lost.

The case was reported from the Superior Court of Cumberland County for such judgment as the legal rights of the parties might require.

The facts appear in the opinion.

*C. J. Nichols,* for plaintiff.

It is not usual and not required in the Federal Courts to declare specially on a lost note as lost, no special count being necessary in such a case. *Renner* v. *The Bank of Columbia,* 9 Wheat. 581; *Dupignac* v. *Quick,* 56 N. Y. Sup. 385; *Adams* v. *Baker,* 16 R. I. 1, 27 Am. St. Rep. 721; *Monroe* v. *Weir,* 177 Mass. 301.

In Ohio where a note is lost which has never been indorsed by the payee, he may maintain an action at law against the maker without tendering indemnity against future liability. *Citizen's Nat'l Bank* v. *Brown,* 45 Ohio State, 39, 4 Am. St. Rep. 526.

A bond is not required to be given, even if the instrument is negotiable, if lost after maturity. *Kirkwood* v. *First National Bank,* 40 Neb. 484, 42 Am. St. Rep. 683, 24 L. R. A. 444; *Palmer* v. *Carpenter,* 53 Neb. 396; *Thayer* v. *King,* 15 Ohio, 242.

Counsel also cited: Greenleaf on Evidence, Vol. 2, § 17; *Branch* v. *Tillman,* 12 Ala. 214; *Jones* v. *Fales,* 5 Mass. 101; *Fales* v. *Russell,* 16 Pick, 315, 317, 318; *Schmidt* v. *People's National Bank,* 153 Mass. 550, 552; *Chaudron* v. *Hunt,* 3 Stewart, (Ala.) 31, 20 Am. Dec. 60; *Partard* v. *Tuckington,* 10 Johns. (N. Y.) 104; *Streever* v. *Bank of Fort Edward,* 34 N. Y. 415.

*A. F. Moulton,* for defendants.

Counsel cited: Byles on Bills, 5th Ed. *363; Story on Prom. Notes, 5th Ed. § 450; 2 Parsons on Notes and Bills, 304; *McGregory* v. *McGregory,* 107 Mass. 543, 546; *McCann* v. *Randall,* 147 Mass. 81, 95, 9 Am. St. Rep. 666; *Tucker* v. *Tucker,* 119 Mass. 79, 81; *Perkins* v. *Cushman,* 44 Maine, 484, 490.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

POWERS, J. This is an action by the payee against the maker of a negotiable promissory note, claimed to have been lost after its maturity, and without indorsement. The case comes before us upon report, and all technical questions of pleading, not being specially reserved, must be considered waived.

In this State it is settled that an action at law may be maintained against the maker upon a lost note. *Torrey* v. *Foss*, 40 Maine, 74; *Moore* v. *Fall*, 42 Maine, 450, 66 Am. Dec. 297.

The principal contention of the parties is as to whether the plaintiff should have judgment without furnishing the defendant with a reasonable bond of indemnity. This is addressed to the discretion of the court and must be determined in accordance with the facts of each particular case. The loss of the note generally implies some negligence on the part of the loser, and the consequences should not fall upon the innocent maker. If the note has been destroyed, or is at the time barred by the statute of limitations, it is evident that he is as effectually protected as he would be if it were produced and surrendered. So if the note is payable to the plaintiff, either originally or by indorsement, and it is admitted it has not been indorsed by him, the maker needs no further security. The recovery of a judgment by the one having the legal title to the note would be a good defense to a suit on the note in the hands of any other person. Other illustrations might be given. When, on the other hand, the maker is liable to suffer loss or expense through the reappearance of the note, he should have such indemnity as is reasonably equivalent to that which is afforded by its production and surrender.

In the case before us the defendant contends that there is no sufficient evidence of the loss of the note, or that, if lost, it was without indorsement, or after maturity. We think, however, that the plaintiff has established all these facts by a fair preponderance of the evidence. Upon such a preponderance of proof, however, while it is sufficient to authorize a finding in the plaintiff's favor, it is not to be assumed conclusively that the note will never reappear, and that the

defendant will be subjected to no further risk, loss, or expense on account of it. In such a case the court may in its discretion and as a condition to the rendition of judgment, order such indemnity given as will reasonably protect and secure the defendant from possible loss, or it may order the case continued for judgment from term to term, until the note has been barred by the statute of limitations. The particular form of such indemnity or security can usually be best determined at nisi prius, upon a hearing by the judge, who is cognizant of the circumstances of the case, and the condition of the parties.

The defendant should be defaulted for the amount of the note in suit, and the case continued for judgment from term to term until the note is barred by the statute of limitations, or until the plaintiff furnishes the defendant such indemnity as the judge of the Superior Court shall order and determine.

*So ordered.*