## Sulunias *v.* Poolos.

Gilbert, J. Sulunias executed a negotiable promissory note payable to the order of Poolos, who lost the note without having indorsed it, and after maturity brought suit against the maker to recover the sum due thereon. Sulunias filed an equitable petition seeking to restrain the progress of the suit, unless indemnified by bond or otherwise against a possible demand which might be made against him by some third person holding the note. The court refused the injunction, and the plaintiff excepted. *Held:*

1. Such a note as described above stands on the basis of a non-negotiable instrument, until properly indorsed. *Benson* v. *Abbott,* 95 *Ga.* 69 (22 S. E. 127); *Burch* v. *Daniel,* 101 *Ga.* 228 (28 S. E. 622); *Dorris* v. *Farmers & Merchants Bank,* 144 *Ga.* 233 (86 S. E. 1093).

2. Indemnity will not be required as a condition precedent to recovery by the payee of a non-negotiable note, or a negotiable promissory note pay-

able to order, when the same has not been duly indorsed. Kirkwood v. First National Bank, 40 Neb. 484 (58 N. W. 1016, 24 L. R. A. 444 (2), 42 Am. St. R. 683); notes to Matthews v. Matthews, 94 Am. St. R. 469, 473 (97 Me. 40, 53 Atl. 831); 25 Cyc. 1616; Dan. Neg. Inst. (3d ed.) 1481.

3. Accordingly, the court did not err in refusing the injunction.

*Judgment affirmed. All the Justices concur.*

*Atkinson, J., concurs in the result, on the ground that the plaintiff had an adequate remedy at law.*

No. 988. SEPTEMBER 14, 1918.

Petition for injunction. Before Judge Bell. Fulton superior court. May 2, 1918.

*James W. Austin,* for plaintiff.

*J. W. & R. W. Crenshaw,* for defendant.