Novoprutsky *v.* The Morris Plan Company of Philadelphia, Appellant.

Argued April 23, 1935.   Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles Denby, Jr.,* of *Stradley, Ronon, Stevens & Denby,* for appellant.

*Abraham L. Freedman,* with him *Gordon A. Block,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellee.

OPINION BY MR. JUSTICE KEPHART, May 27, 1935:

Plaintiff, here appellee, purchased twenty-one of appellant's registered debentures, each in the principal sum of one thousand dollars payable "to the registered owner . . . on demand." Appellee at all times remained the registered owner of these debentures on appellant's books, and demanded from appellant payment of the aggregate sum of the principal and interest of these bonds. Payment was refused because the debentures had been lost, on the ground that this might cause a double liability in the event that the bonds later appeared in the hands of a transferee for value without notice, and appellant demanded an indemnity bond which appellee was unable to give. In plaintiff's action to recover the amount of the bonds a summary judgment was entered, this defense being held insufficient.

By the terms of the instruments, the promise is to pay money upon demand to a specific individual, whose name is registered upon the books of the corporation; they are "transferable only upon . . . presentation at the office of the company, with a written assignment duly executed by the . . . registered owner"; being registered as to principal and interest, they are commonly known as fully registered bonds: Benwell v. Mayor, etc., of Newark, 55 N. J. Eq. 260.

Registered bonds as a general rule are nonnegotiable: Cronin v. Patrick Co., 89 Fed. 79; Benwell v. Mayor, etc., of Newark, supra; Chester G. & S. D. Co. v. Securities Co., 165 App. Div. 329, affirmed, 219 N. Y. 599; Thompson, Corporations (3d ed.), section 2344; 6 Fletcher, Corporations (2d ed.), section 2698; 1 Quindry, Bonds and Bondholders, section 15. Registration and record transfer were designed for the convenience, protection and security of the creditor (Benwell v. Mayor, etc., of Newark, supra) and of the issuing corporation:

Shaffer v. Federal Cement Co., 225 Fed. 893. These instruments were not intended to pass as freely as money.

Entirely apart from the question of the effect of registration and recording of transfers, the omission from appellant's bonds of the essential words of negotiability excludes any possibility of their being considered negotiable instruments: Act of May 16, 1901, P. L. 194, section 1 (4). This being so, a *bona fide* transferee of one of these bonds would not be entitled to the status of a holder in due course as an incident of the instrument.

While there is no express provision in appellant's bonds making surrender a condition to payment, such a condition may be fairly implied, and surrender should be required unless it reasonably appears that such is impossible by reason of loss, theft or destruction of the instrument. See Zander v. N. Y. S. & T. Co., 178 N. Y. 208. The registered owner cannot insist upon payment without either surrendering the bond or accounting for his failure to do so. The unexplained failure of an obligee to produce and surrender the bond at the time of payment is not the equivalent of notice of an assignment, but it is a circumstance which should put the obligor upon inquiry. The danger in making a voluntary payment to the obligee in such a situation exists only where there has actually been an assignment, and there are other known facts which show that an inquiry would have disclosed the truth: Tritt's Admr. v. Colwell's Admr., 31 Pa. 228 (1858).

We have held that payments to a mortgagee without actual notice of the assignment of the mortgage are valid (Landis v. Robacker, 313 Pa. 271, and cases there cited), and that an assignment placed on the mortgage record is not such notice as will preclude the mortgagor from setting up payments to the mortgagee before actual notice: Kinch v. Fluke, 311 Pa. 405. See also, as to a judgment entered on the copy of a lost nonnegotiable instrument and payment thereunder: Mahoney v. Collman, 293 Pa. 478.

Here the appellant apparently concedes that the bonds have been lost, but insists upon appellee supplying it with an indemnity bond. There is no justification for such a demand. Where, as here, a lost instrument is not negotiable there is no risk of double payment arising out of the nature of the instrument, and hence no necessity for indemnifying the obligor: Gilbert v. First Nat. Bank of Middleburg, 22 Pa. Dist. 931 (1913) ; Zander v. N. Y. S. & T. Co., supra.

The judgment is affirmed.