TRUST COMPANY OF GEORGIA *v.* FINSTERWALD, executrix.

No. 12961. SEPTEMBER 16, 1939.

*Sumter M. Kelley* and *Spalding, Sibley, Troutman & Brock*, for plaintiff in error.

*Hirsch & Smith* and *D. F. McClatchey*, contra.

BELL, Justice. Mrs. Louise P. Finsterwald as executrix of the estate of her mother, Mrs. Edith Pappenheimer, filed a petition

against the Trust Company of Georgia, a corporation of this State, seeking establishment of a certificate for seventeen shares of stock in that company, alleged to have been lost or destroyed while belonging to Mrs. Pappenheimer or to her estate, and while registered in her name as a stockholder, upon the books of the company. The proceeding was brought in pursuance of the act of the General Assembly approved August 15, 1910. Ga. L. 1910, p. 103; Code, §§ 63-211 to 63-214, inclusive. After an amendment to the petition was offered and allowed, the trust company demurred upon substantially the following grounds: (1) No cause of action is stated. (2) The statute under which the plaintiff is proceeding attempts to bind all persons wherever they may be, whether in the State of Georgia or elsewhere, and whether known or unknown; and the court has no jurisdiction to enter any judgment or decree which would protect the defendant as against any claim which might be later asserted by a holder of the alleged lost certificate or which would be conclusive upon any person having the title to or an interest in such certificate (ground 2 (a)). (3) The court is without jurisdiction to enter an order, or decree, binding any person, firm, or corporation located beyond the territorial limits of the State of Georgia, and any such order so entered would be void and of no effect as against any person, firm, or corporation claiming any right, title, or interest in and to said "alleged lost" stock certificate (ground 2 (b)). (4) The proceeding is not one in rem, and any order or decree entered therein would be binding only on the parties named in the said proceeding, and would not protect defendant in the event a third party came forward claiming an interest in or title to said stock certificate, and in equity and good conscience this honorable court should not order defendant to establish a copy, or issue a new certificate, without requiring the plaintiff to give bond indemnifying defendant from any and all damage arising by virtue of any such claim, if asserted against it (ground 2 (c)). (5) The statute is void and of no effect, because it violates the due-process clause of the constitution of Georgia, and the due-process and equal-protection clauses of the Federal constitution. Code, §§ 2-103, 1-815 (ground 2 (d)).

The court overruled the demurrer. The defendant answered, admitting some of the plaintiff's allegations and denying others,

but requiring proof of the allegations as to ownership and loss. Notice of the suit was issued and published as required by the statute. After introduction of evidence by the plaintiff, the defendant, offering no evidence, moved for a dismissal in the nature of a nonsuit, on the contention that the evidence did not show that the certificate had been lost, and did not in any wise disclose the manner or method of loss. The defendant at the same time moved that, if the case should be not dismissed as urged, the plaintiff be required to give a bond indemnifying the defendant against such loss and damage as it might sustain in the event any third person should afterwards seek to enforce a claim to the stock or to any interest therein. The court overruled both motions, and entered a decree establishing the alleged copy in lieu of the original. The defendant excepted, assigning error on the rulings stated above, and on the decree.

The statute law under which plaintiff sued is expressed in the Code as follows:

§ 63-211. "Whenever any certificate or other evidence of the stock of any bank or private corporation organized under the laws of this State, United States or any of the States or Territories of the United States where said corporation's principal office is located in this State, shall be lost or destroyed, and the owner thereof or legal representative shall desire to establish the same, such person or legal representative shall present a petition to the superior court of the county wherein the principal office of the bank or corporation is located, which petition must be sworn to by the party applying and shall contain as full and accurate a description as possible of said lost or destroyed certificate or other evidence of said stock and of the loss and mode of loss and of the inability to find the same, and a prayer for the establishment of a copy, setting forth the copy desired to be established. Thereupon the judge of said court presiding shall issue a citation or notice directed 'To whom it may concern,' which citation shall contain the description of the copy sought to be established, the time and place of hearing, and the name of the bank or corporation that issued the original and the name of the person claiming to own the same, and seeking to establish the same, and the number of shares of stock embraced in said certificate, and said citation shall be served upon the bank or corporation at least 10 days before the date of the

hearing, and shall be published once a week for four weeks next preceding the hearing, in the newspaper in which sheriff's advertisements are published in the county in which the principal office of said corporation is located; and if the applicant shall reside in another county, said citation shall also be published in the county or counties where the petitioner has lived for 12 months next preceding the application. Certificates of said publication shall be made by the publishers of the newspapers, with a copy of the advertisement attached, which certificate shall be filed in the court trying the case and shall be used as evidence in such case."

§ 63-212: "If no successful defense shall be made at the time and place appointed for the hearing by said bank or other corporation or any person or persons who may be interested in said lost certificates of stock, the said court shall proceed to establish by an order entered on the petition the copy so prayed to be established, which shall have all the effect of said lost original. If the bank or other corporation or parties interested shall file a defense under oath to the effect that such original never existed, as claimed, or shall produce the original in court, or that for any reason said copy should not be established in lieu of the original, then the judge of said court shall decide after giving the parties time for preparation for hearing at the next regular term of the said superior court, upon the case so made, and if in favor of the applicant and no writ of error shall be sued out as hereinafter provided, said judgment or decree shall be entered on the petition, and then the copy so established shall be recognized and treated as corporate stock in lieu of said original stock."

§ 63-213. "If the decision of said court shall be in favor of the bank or other corporation, or any person or persons interested, the said court shall enter its judgment or decree on said petition. In all cases, all the proceedings shall be recorded in the book of minutes of said court. Either party dissatisfied with the judgment or decree may carry the case to the Court of Appeals by writ of error as provided in other cases."

§ 63-214. "Upon the establishment of the certificate or other evidence of stock of a bank or corporation as provided in the three preceding sections, all liability of said bank or corporation to any person who may be the owner or holder of the original certificate of stock, copy of which has been established in its stead, as pro-

vided under the three preceding sections, shall cease and determine, and after said copy shall have been established in lieu of said original stock, then and after that date said corporation shall recognize said established copy of stock only as part of its corporate stock, and shall recognize only the holder of said established copy of stock as one of its corporate stockholders. It is the intent and purpose of this law that the proceeding described in section 63-211, and the advertisement made thereunder, shall be notice to all parties interested in the stock, the certificate of which is sought to be established, of the said proceeding, and the judgment therein rendered shall be binding upon all such persons, and the bank or other corporation shall thereafter treat the established copy just as it should have done the original: Provided, that all costs of the proceedings under this law shall be paid by the applicant, and if defense shall be filed, then by the party against whom the issue shall be decided."

■ This is not an equity case, although the establishment of a lost instrument may in a proper case be a matter for equitable jurisdiction. *Fulgham* v. *Pate*, 77 *Ga.* 454. If the law, however, provides an adequate remedy, this must be followed. *Osborn* v. *Ordinary of Harris County*, 17 *Ga.* 123 (63 Am. D. 230). In the present case the plaintiff is pursuing the specific legal remedy provided by law, and the case is before this court, not as an equity case, but only as a case in which the constitutionality of a statute is drawn in question. Code, § 2-3005.

■ Aside from the constitutional questions, it may be said that the petition as amended alleged a cause of action within the statute, unless it was deficient in failing to state "the mode of loss." The statute does not require that the mode of loss shall be stated in all events. The requirement is that the petition shall "contain as full and accurate a description as possible of said lost or destroyed certificate or other evidence of said stock and of the loss and mode of loss and of the inability to find the same." The basic and essential facts are the existence of a genuine original owned by the plaintiff, and the actual loss or destruction of such original. The rest are matters of description, which must be given only as fully and accurately "as possible," even as to the mode of loss. The petition alleged that "said certificate . . has become lost or destroyed," and that "petitioner is unable to set out the mode of

loss, but says that she has made a diligent search of all the papers in said estate, and has been unable to find said certificate." As against a general demurrer, this was a sufficient compliance with the statute as to manner of loss; and the petition stated a cause of action, unless the statute is invalid as contended. See State *v.* Southern Mineral &c. Co., 108 La. 24 (32 So. 174).

The demurrer presented the contention that in such case the court is without jurisdiction to render a judgment or decree that would protect the defendant, because the proceeding is not one in rem, and no judgment could be rendered therein which would be binding upon any third person who might later claim to own the stock or some interest therein. The grounds relating to this contention are dependent on the further ground in which it was urged that the statute is unconstitutional as violating the due-process clause of the constitution of this State, and the due-process and equal-protection clauses of the Federal constitution. So the main question in the case is whether the act is void for any of the reasons stated. This question must be answered in the negative, as applied to the facts appearing. The company issuing the stock certificate being a Georgia corporation, for the purposes of this case the situs of the stock is in Georgia, although for some other purposes it might have a situs elsewhere. The proceeding is in rem, and not in personam, as contended. The statute requires that the judge shall issue a notice or citation directed "to whom it may concern," identifying the suit and its subject-matter, and stating the time and place of hearing. This notice shall be published for four weeks in the newspaper in which the sheriff's advertisements are published, in the county in which the principal office of the corporation is located; and "if the applicant shall reside in another county, said citation shall also be published in the county or counties where the petitioner has lived for 12 months next preceding the application." Since the act relates to a proceeding in rem, and contemplates a situs in this State, it was competent for the legislature to provide for service by publication, and for a judgment conclusive upon all persons concerned, on compliance with the statute. This law is similar to § 81-205, relating generally to actions in rem and for service by publication, and is not unconstitutional for any of the reasons urged. The case is controlled in principle by the following decisions: *People's Na-*

*tional Bank* v. *Cleveland,* 117 *Ga.* 908 (44 S. E. 20); *Hamil* v. *Flowers,* 133 *Ga.* 216 (65 S. E. 961); Jellenik *v.* Huron Copper Mining Co., 177 U. S. 1 (20 Sup. Ct. 559, 44 L. ed. 647). See also *Edwards Manufacturing Co.* v. *Hood,* 167 *Ga.* 144 (3) (145 S. E. 87); *Irons* v. *American National Bank,* 178 *Ga.* 160 (5) (172 S. E. 629); *Grimmett* v. *Barnwell,* 184 *Ga.* 461 (192 S. E. 191, 116 A. L. R. 257); *Crowell* v. *Akin,* 152 *Ga.* 126 (108 S. E. 791); *Saunders* v. *Staten,* 152 *Ga.* 142 (2) (108 S. E. 797); 11 Fletcher's Cyc. Cor. 393, § 4179.

As to service upon "whom it may concern," the present case differs on its facts from *Couey* v. *Talalah Estates Corporation,* 183 *Ga.* 442 (2), 452 (188 S. E. 822), a land-registration case, where the statute was not complied with.

■ The court did not err in refusing to require an indemnifying bond. Since the statute is constitutional and the judgment will protect the defendant against claims of other persons, bond is unnecessary. The statute does not require bond, and the judge was right in declining to add such condition. Compare *Mayor &c. of Savannah* v. *Burroughs,* 36 *Ga.* 212. The stock certificate not being a negotiable instrument, the case does not present the difficulty which might arise if it were. *Turner* v. *Williams,* 29 *Ga. App.* 751 (116 S. E. 553); *Sulunias* v. *Poolos,* 148 *Ga.* 409 (98 S. E. 866); Powers *v.* Pacific Diesel Engine Co., 206 Cal. 334 (274 Pac. 512, 73 A. L. R. 1398); Novoprutsky *v.* Morris Plan Bank, 319 Pa. 97 (179 Atl. 218, 98 A. L. R. 1486).

■ A careful examination of the evidence forces the conclusion that the plaintiff proved her case as laid. Accordingly, the court did not err in refusing to grant a nonsuit. The judgment is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., disqualified.*