BAINBRIDGE FARM COMPANY *et al.* *v.* BOWER.

No. 13992.   JUNE 17, 1942.   REHEARING DENIED JULY 16, 1942.

*G. G. Bower* and *John R. Wilson,* for plaintiffs in error.
*Charles H. Kirbo* and *Vance Custer,* contra.

JENKINS, Justice. ■ Although, in a suit to enforce payment or satisfaction of a lost note, bond, or other negotiable security, the court will require suitable and adequate indemnity as a condition to such relief, in the absence of a showing that it has not been indorsed (Code, § 37-214; *Ross* v. *Wright,* 12 *Ga.* 507, 508), yet no indemnity will be required either where the instrument is non-negotiable, or where, even if negotiable, it "has not been duly indorsed," since such an unindorsed and unassigned obligation "stands on the basis of a non-negotiable instrument." *Sulunias* v. *Poolos,* 148 *Ga.* 409 (96 S. E. 866). A lost bond, which was executed by a corporation to a debtor in connection with an instrument executed by the debtor to the corporation, assigning the debtor's certificates of corporate stock as security for his debt, and which bond was conditioned upon retransfer of the debtor's stock back to him on payment of his debt, is not negotiable within the rule requiring indemnity to the maker of a lost negotiable obligation, if the bond makes no reference to assigns of the debtor and contains no other words of negotiability. See *Trust Co. of Ga.* v. *Finsterwald,* 188 *Ga.* 794 (4 S. E. 2d, 808, 125 A. L. R. 992). Likewise, under the preceding rule, the bond would occupy the status of a non-negotiable instrument, if the obligee has not assigned or transferred any interest in the bond before its loss. As against de-

murrer, averments of a petition must be accounted true. Accordingly, no indemnifying bond or other security to the defendant corporation, as maker of the lost instrument, was required from the plaintiff obligee, where the petition sets forth a copy of the instrument, showing no language of negotiability, and where it is alleged that the obligee has made no assignment or transfer, but remains the sole owner of the bond.

■ Since under the preceding holding, and under the plaintiff's averments as against demurrer, the defendant maker of the alleged lost bond could not be exposed to a double liability to the plaintiff obligee and any bona fide holder of the instrument, it is unnecessary to consider the ground of demurrer attacking the act of 1856 (Code, § 63-203 et seq.), relating to the establishment of lost instruments, as violative of the 14th Federal amendment and other provisions of the Federal and State constitutions, in that the act exposes the maker of a lost instrument to such double liability without affording protection to his rights. See *Mayor &c. of Savannah* v. *Burroughs,* 36 *Ga.* 212, 216 *Mayor &c. of Savannah* v. *Cohen,* 36 *Ga.* 219, 222.

■ There is no merit in the ground of demurrer that the plaintiff could not establish the alleged lost bond under the act of 1856 (Code, § 63-203 et seq.), upon the contention that this act was repealed or superseded by the act of 1910 (Ga. L. 1910, p. 103; Code, § 63-211 et seq.), since the later act by specific terms is limited to the establishment of any lost or destroyed "certificate or other evidence of the stock of any bank or private corporation," and since this petition seeks to establish a lost bond given in connection with an instrument assigning certificates of stock, and alleges the continued existence of the certificates themselves.

■ In the instant consolidated suit at law, brought under the Code, § 63-203 et seq., to establish a copy of the lost bond, and an equitable petition, which prayed for cancellation of record of the instrument of indebtedness executed by the plaintiff to the defendant corporation in connection with the lost bond, and which equitable petition prayed for other relief, there is no prayer that expressly or in effect asks for specific performance. Accordingly, there is no merit in the ground of demurrer that such a remedy will not lie as to personalty, in the absence of any alleged exception to that rule.

■ Nor is there merit in the ground of demurrer that the plaintiff's case is without equity, in that his equitable petition shows a present indebtedness and lien on the stock involved in favor of his sister, who is made a defendant with the corporate maker of the lost bond; but does not allege any legal tender or sufficient offer of payment. The prayers are to establish a copy of the bond, cancel the recorded security instrument executed by plaintiff to the corporation in connection therewith, and return to plaintiff the stock transferred by the security instrument. Plaintiff alleges that, before this relief is granted, he will pay into court or to a receiver or directly to his sister her indebtedness and lien. This averment was sufficient, since it is alleged that all of the indebtedness due to both defendants, which was covered by the lost bond and the security instrument in connection therewith, has been paid; and that the present indebtedness to the sister had no connection with the transaction as to which equitable relief is sought, as it arose long after the execution of the instruments in question and was not covered thereby.

■ The petitions are not subject to demurrer as barred by the statute of limitations, in that they are suits on a bond more than twenty years old. They do not seek to recover on the bond, but merely to establish a copy of that instrument, because, as alleged, the defendant corporation itself has insisted on a surrender of such original instrument or the giving of indemnity if lost, as a condition for satisfying the recorded security instrument executed by plaintiff in connection with the bond, and for returning his stock. Accordingly, the fact that the bond was dated and the indebtedness described therein matured more than twenty years before the suits would not debar them, since it is alleged that the acts of the defendant corporation, necessitating the filing of the suits, did not occur until just before the suits were filed. In so far as equitable relief is sought, additional to the establishment of a copy of the lost bond, the bar of the bond by the statute of limitations would not preclude such equitable relief. If the bond were debarred, the defendant maker could not insist upon its surrender or the delivery of indemnity, if lost, as a condition for canceling its security instrument executed by the plaintiff and for returning his stock, since, irrespective of the legal correctness of its position, the pleading of the statute would afford it full protection against any bona fide purchaser.

Where equity has and takes jurisdiction, it is empowered "to decree full and perfect relief to all the parties touching the subject-matter involved." Since equity has jurisdiction for the cancellation of instruments, the allegations and prayers as to the recorded instrument of security, with allegations as to the avoidance of a multiplicity of suits, and other equitable allegations and prayers, were sufficient to give the court jurisdiction of the equitable petition. Accordingly, where, on motion of the defendants themselves, this petition was consolidated with the petition at law in the same court for the establishment of the lost bond, the fact that law and equity have a concurrent jurisdiction in the establishment of lost instruments would not defeat the equitable jurisdiction of the court, or preclude it from granting all necessary and proper relief to each of the parties, as the pleadings and evidence may authorize. See *Fulgham* v. *Pate,* 77 *Ga.* 454, 456, and cit.; *Miller* v. *Watson,* 139 *Ga.* 29 (3), 33 (76 S. E. 585) ; *Osborn* v. *Ordinary of Harris County,* 17 *Ga.* 123, 124 (63 Am. D. 230) ; *Newton Mfg. Co.* v. *While,* 47 *Ga.* 400, 403. The petition at law, conforming to the requirements of the Code, § 63-203 et seq., stated a cause of action. The equitable petition sufficiently stated the loss of the bond and diligence in searching for it. See *Trust Co. of Ga.* v. *Finsterwald,* supra. The equitable petition was not without equity, as showing an adequate remedy at law against the corporation by an action for damages.

The court did not err in overruling the demurrers to the petitions as amended in the consolidated cases.

*Judgment affirmed. All the Justices concur.*