19445, 19465.  MYERS *et al. v.* GRANT *et al.;* and *vice versa.*

Submitted September 10, 1956—Decided October 10, 1956—Rehearing denied October 30, 1956.

*Kenyon, Kenyon & Gunter,* for plaintiff in error (case No. 19445).

*Robert J. Reed, R. Wilson Smith, Jr., Wheeler, Robinson & Thurmond,* contra.

*Robert J. Reed, R. Wilson Smith, Jr.,* for plaintiff in error (cross-bill).

*Kenyon, Kenyon & Gunter, Wheeler, Robinson & Thurmond, A. R. Kenyon, A. C. Wheeler, Telford, Wayne & Smith,* contra.

MOBLEY, Justice. ■ While no motion to dismiss the bill of exceptions for lack of jurisdiction has been filed in this case, both counsel for the Grants and counsel for Pete Faulkner, the administrator of the estate of Johnnie Faulkner, urge in their briefs that this court is without jurisdiction. It is the duty of this court in every case to inquire into the matter of its jurisdiction, and if jurisdiction is lacking, the bill of exceptions must be dismissed. *Hall* v. *Cain,* 211 *Ga.* 658(1) (87 S. E. 2d 845), and cits. We have carefully examined the contentions of both parties, and are of the opinion that this court does have jurisdiction of this case. Counsel for the Grants contend that certain heirs of Johnnie Faulkner, named as defendants in the petition, are not named as defendants in error in the bill of exceptions, and that the intervenors, who allege themselves to be heirs of Johnnie Faulkner, are not named as defendants in error. The administrator of the estate of Johnnie Faulkner, who is a defendant in the trial court, is named as a defendant in error in this court, which is sufficient, as the right of action for the recovery of real property is in the administrator where one has been appointed (Code, Ann. Supp., § 113-901; Code § 113-907), and therefore the interest of the estate and of the heirs is protected. Counsel for the administrator, who has filed defensive pleadings which were not demurred to, contends that under Code (Ann. Supp.) § 6-701 this court is without jurisdiction because there has been no final judgment in the case or any judgment which would have been final if rendered as claimed by the plaintiffs in error. If the decision or judgment complained of in this case (the overruling of a general demurrer to the petition) had been rendered as claimed by the plaintiffs in error and the general demurrer sustained, that would have been a final disposition of the cause, as the effect of such ruling would have been that a cause of action was not stated for cancellation of

the deed to W. H. Faulkner or for specific performance of the alleged contract of Johnnie Faulkner to will the property to the plaintiffs. This court, therefore, does have jurisdiction of the cause.

■ The plaintiffs in error contend that the trial court erred in overruling the special demurrer which attacked the amended petition on the ground that it is multifarious, duplicitous, and contains a misjoinder of parties, because it seeks in the same action a decree of specific performance of an oral contract to devise land and a decree for title to said land, and the cancellation of a purported deed as a cloud on the title of the land. It is insisted in this connection that the petition as amended fails to state a cause of action for cancellation of the deed as a cloud on the title. "Where the plaintiffs have a common interest against all of the defendants in a suit as to one or more of the questions raised by it, so as to make them all necessary parties for the purpose of enforcing that common interest, the circumstances of some of the defendants being subject to distinct liabilities in respect to different branches of the subject matter, will not render the bill multifarious." *City Bank of Macon* v. *Bartlett*, 71 *Ga.* 797(1); Code § 37-1007. "Where a court of equity takes jurisdiction for the purpose of decreeing specific performance, when necessary to give full and perfect relief it will, with proper parties before the court, cancel as a cloud over the title a voluntary deed made by the defendant, prior in date to the contract of which specific performance is sought, which deed is apparently properly executed and recorded, but is void because it has never been delivered." *Miller* v. *Watson*, 139 *Ga.* 29(3) (76 S. E. 585). See also *Bainbridge Farm Co.* v. *Bower*, 194 *Ga.* 304 (21 S. E. 2d 224); *Mankin* v. *Bryant*, 206 *Ga.* 120, 139 (56 S. E. 2d 447). The facts in this case are very similar to those in *Miller* v. *Watson*, supra, for here the plaintiffs seek specific performance of an oral contract to devise land and cancellation of a deed as a cloud on the title; and equity, having taken jurisdiction for the purpose of decreeing specific performance, will decree full and perfect relief touching the subject matter and has jurisdiction to cancel the deed, which would be necessary in order to make a decree of specific performance effective. "Equity, taking jurisdiction, will determine all of the matters in controversy and grant appropriate

relief, equitable or legal, so as to do complete justice between the parties." *O'Jay Spread Co.* v. *Hicks,* 185 *Ga.* 507, 512 (195 S. E. 564). See also *Sawyer Coal & Ice Co.* v. *Kinnett-Odom Co.,* 192 *Ga.* 166 (14 S. E. 2d 879). There was no error in overruling this ground of demurrer.

Nor was there any error in overruling the general demurrer on the ground that the petition to cancel the deed was a proceeding quia timet, and that the allegations did not meet the requisites of such a proceeding in that legal title was not shown in the plaintiffs. This petition is not a proceeding quia timet and is not governed by rules applicable thereto (*City of Atlanta* v. *Jones,* 135 *Ga.* 376(5), 69 S. E. 571; *Simmons Hardware Co.* v. *Timmons,* 180 *Ga.* 531(1), 179 S. E. 726; *Nash Loan Co.* v. *Dixon,* 181 *Ga.* 297(4), 182 S. E. 23; *Gilmore* v. *Hunt,* 137 *Ga.* 272, 275, 73 S. E. 364; *Mentone Hotel &c. Co.* v. *Taylor,* 161 *Ga.* 237(1d), 130 S. E. 527), but this is an equitable proceeding, in which the petitioners seek a decree of title in themselves by reason of the contract to support Johnnie Faulkner, fully performed on their part, and cancellation upon equitable grounds of a prior deed under which the defendants claim. The cancellation of the deed is not primarily for the purpose of quieting fears of a future or contingent claim, but is to make effective a decree of specific performance of the contract which is sought to be enforced.

■ It is further urged on general demurrer that the petition as amended does not set forth a cause of action for equitable relief because, at the time the Grants entered into the oral contract with Johnnie Faulkner, the deed from her to W. H. Faulkner was on record, which constituted notice to them that she only owned a life estate in the property; that they waited 14 years before taking any action; and that the suit for cancellation of the deed upon the ground of fraud is barred because it was not brought within 7 years from the time the fraud was discovered and is further barred by the petitioners' failure to take action sooner.

The petition alleges that Johnnie Faulkner was in continuous and peaceable possession of the property from the date she acquired it in 1907 until her death in 1954. This being true, neither laches nor the statute of limitations would have constituted a bar to an action by her to assert her rights in the property. " 'A party in possession of land who resorts to a court of equity to

settle a question of title is not chargeable with laches, no matter how long his delay.' 5 Pomeroy's Eq. Jur. § 33." *Smith* v. *Burrus*, 139 *Ga.* 10, 12 (76 S. E. 362). See also *Marietta Realty &c. Co.* v. *Reynolds*, 189 *Ga.* 147, 152 (5 S. E. 2d 347); *Volunteer State Life Ins. Co.* v. *Powell-White Co.*, 196 *Ga.* 372 (2) (26 S. E. 2d 815); 30 C. J. S. 538, § 116(c).

As to the petitioners, their cause of action for the specific performance of the oral contract to will the property to them in consideration of their supporting Johnnie Faulkner during the remainder of her life could not and did not arise until her death, which occurred on November 5, 1954. Until they performed their obligation to take care of her the remainder of her life, the petitioners were not entitled to a specific performance of the contract to devise the property to them. And until they were entitled to have the contract specifically performed, they would have no standing in a court of equity to have the defendants' deed canceled, because until then they had no legal interest in the property, but only the possibility of an interest. Their petition, which was filed on January 10, 1955, within one year after their cause of action arose, is not barred by the statute of limitations or laches. As against general demurrer, the petition alleged a good cause of action for equitable relief, and it was not error to overrule the general demurrer and to deny the oral motion to dismiss.

■ The plaintiffs in error except to the overruling of their demurrer attacking as not germane those allegations of the petition which allege that W. H. Faulkner disavowed the deed under which his heirs claim, the petition alleging that Faulkner stated that he had no title or further interest in said property; that he had decided not to stay on the place or to make the improvements agreed upon; that he had no further interest in or title to said property; and that he would have nothing further to do with it. It is alleged in one paragraph of the petition that said disavowal occurred subsequently to July 20, 1927, and in another paragraph that the statements were made between January 1, and July 20, 1927. The record shows that the deed was executed in January, 1927, and recorded on July 20, 1927. Admissions by privies in estate are admissible as against the parties themselves. Code § 38-407. The plaintiffs in error, heirs of W. H. Faulkner, are privies in estate with W. H. Faulkner (*Pool* v. *Morris*, 29 *Ga.*

374 (1), 74 Am. D. 68; *City Council of Augusta* v. *Radcliffe,* 66 *Ga.* 469, 475) ; and, consequently, the admissions of W. H. Faulkner are admissible against them, provided such admissions are germane to the issues in this case. The petition alleges that there was no consideration for the deed to W. H. Faulkner, and that the deed was never delivered to him by the grantor but was obtained by W. H. Faulkner, or someone acting for him, by fraud, artifice, or theft, and was taken and recorded without the knowledge of Johnnie Faulkner. The alleged admissions of W. H. Faulkner would be germane to the issue of fraud, which is alleged in the petition. Whether the statements attributed to Faulkner were made before or after the deed was recorded, his alleged disavowal of any interest in the property and his manifest intention not to comply with his part of the contract with Johnnie Faulkner would be a circumstance which the jury could properly consider in determining whether the deed was obtained by him through fraud as was alleged in the petition. It was not error to overrule the demurrers which attacked the alleged admissions of W. H. Faulkner as not being germane to the issues.

■ The plaintiffs in error except to the overruling of their special demurrers to allegations of the petition which allege that the possession of the property by Johnnie Faulkner from 1907 until her death was adverse, and that at all times she claimed fee-simple title to said property. Viewing the instrument from Johnnie Faulkner to W. H. Faulkner as a deed creating a life estate in Johnnie Faulkner, nothing is alleged to show that she ever gave notice to W. H. Faulkner, the grantee in the deed, that she was claiming fee-simple title to the property adversely to him. As the life tenant, she was entitled to the possession of the property to the exclusion of the remainderman, and, in the absence of it being made known to the grantee that she was holding possession of the property and claiming the fee-simple title thereto, and not a life estate, her possession would not be adverse as to him. "Possession remaining with the grantor and never surrendered, is held under the grantee, and is not adverse to his title; and neither prescription nor the statute of limitations is available as a defense to an action of ejectment founded on the deed." *Jay* v. *Whelchel,* 78 *Ga.* 786 (2) (3 S. E. 906). But in *Caraker* v. *Brown,* 152 *Ga.* 677, 689 (111 S. E. 51), it was stated:

"This court has held that possession, remaining with the grantor and never surrendered, is held under the grantee, and is not adverse to his title. *Jay* v. *Whelchel*, 78 *Ga.* 786 (3 S. E. 906). *But an explicit disclaimer by the vendor* of such relation and a notorious assertion of right in himself will be sufficient to change the character of his possession and render it adverse to the grantee. 2 C. J. 143, § 246. There is nothing in the relation of vendor and vendee by deed executed which will prevent the vendor who may remain in possession from claiming adversely to the vendee. 'To say,' says the Supreme Court of Vermont, 'that the grantor, remaining in possession after his deed, is incapable of committing a disseisin upon his grantee, involves an absurdity too gross almost for argument. He 'is a mere tenant by sufferance, whom the grantee may elect to treat as a tenant, or as a disseisor. He may bring ejectment, or treat him as an occupier under himself. But if the grantor set up a claim of title in himself, *and this be made known to the grantee,* the grantor from that time becomes a disseisor in fact,—the grantee can no longer treat him as a tenant.' Stevens *v.* Whitcomb, 16 Vt. 121." (Emphasis added.) "And it has been held that adverse possession may be acquired by the life tenant *where the knowledge is clearly brought home to the remainderman that the former claims the entire estate in his own right,* adverse and hostile to any claim or interest in the land by the remainderman or others claiming under him." 1 Am. Jur. 861, § 121. Applying the above principles, it was error to overrule the demurrer which was directed to the allegations as to adverse possession of the property by Johnnie Faulkner.

In the cross-bill of exceptions, the defendants in error in the main bill except to the sustaining of special demurrers to paragraphs of the petition which allege as a basis of recovery the sale of the property in question by the sheriff under an execution for State and county taxes against Johnnie Faulkner, and the acquisition of the property by her from Wiley Grier, who bid in the property at the sale; the grounds of demurrer being that Johnnie Faulkner only re-acquired her life interest therein, and that allegations as to adverse possession of the property subsequent to the deed from Grier are not germane or relevant to any issue in the case and not sufficient as a basis of recovery. Irre-

spective of whether the allegations of the petition, to the effect that the tax fi. fa. embraced the taxes against the particular property only, that the whole property described in the sheriff's deed was levied upon, and that the party named in the execution was in possession, bring this case within the ruling made in *Townsend* v. *McIntosh,* 205 *Ga.* 643 (54 S. E. 2d 592)—the fact that the property was bought in at the tax sale by a third party who later transferred it back to the life tenant, Johnnie Faulkner, would prevent the ruling made in the *Townsend* case from being applicable here. "One who is bound to pay the tax on property cannot strengthen his title by purchasing at a tax sale; such purchase shall be treated as payment." Code § 92-8105. In *Veal* v. *Veal,* 192 *Ga.* 503 (2) (15 S. E. 2d 725), after quoting this Code section, this court held: "The rule applies with the same force where another person purchases at the tax sale and after expiration of the period of redemption sells to one who was under a duty to pay the taxes. Title of the latter is not strengthened, but is treated merely as redeemed, with respect to those to whom such duty was owed." The life tenant being charged with the duty to pay taxes upon the property (Code § 92-110), when she reacquired the property from the purchaser at the tax sale, she acquired only her life estate therein, which could not form the basis of a claim of adverse possession.

If the instrument in this case be construed as a testamentary paper, then title never passed from Johnnie Faulkner, because the instrument was not attested by the requisite number of witnesses, and she would have died seized and possessed of the fee in the property without regard to the question of adverse possession. Under either view, allegations as to adverse possession would not be germane to the issues in the case, and it was not error to sustain the demurrers to paragraphs 9, 10, and 11 of the original petition and to paragraph 2 of the amendment of July 14.

■ The trial court sustained a special demurrer to paragraph 19 of the petition, which alleged that the deed from Johnnie Faulkner to W. H. Faulkner was ambiguous and incapable of interpretation and construction, the demurrer attacking said paragraph on the ground that it failed to state how or wherein the deed was ambiguous and incapable of construction. The petitioners filed and had allowed an amendment, which substantially met the

objection pointed out by this special demurrer, and it was error for the trial court thereafter to sustain this demurrer.

■ The trial court did not err in sustaining the demurrer to paragraph 15 of the amended petition and in striking therefrom the words "signed, sealed, nor", as same were contrary to other allegations in the petition and were not sufficient to show that the execution of the deed was not the act of Johnnie Faulkner.

■ The question of adverse possession not being germane to the issues in this case, as held above, the trial court did not err in striking on demurrer the allegation that, in 1944, Johnnie Faulkner had filed an action in Hall Superior Court in which her verified petition alleged that she was the owner of the tract of land forming the subject matter of this suit. "Declarations of one in possession of land that the land is his are admissible to show adverse possession, but not for any other purpose." *Harrison* v. *Hatcher,* 44 *Ga.* 638 (4).

*Judgments reversed in part and affirmed in part. All the Justices concur, except Wyatt, P. J., not participating.*